## LOCKRIDGE *v.* JOHNSON.

## Opinion delivered May 5, 1913.

1. TRIAL—TRANSFER FROM LAW TO EQUITY.—In an action of ejectment the right of possession is a question triable at law, and it is error to transfer to equity when the defendant could have secured at law all the relief to which he is entitled under the allegations of his answer. (Page 150.)

2. TRIAL—TRANSFER FROM LAW TO EQUITY.—In an action of ejectment, when defendant pleads title by adverse possession, and prays that his title be quieted and that a plat under which plaintiff claims title, be reformed; *held*, defendant could not secure complete relief at law, and a transfer of the cause to equity is proper. (Page 150.)

3. REMOVAL OF CLOUD—JURISDICTION OF EQUITY.—When, on motion of defendant, an ejectment suit was properly transferred to equity, and defendant asked that a plat under which plaintiff claims title, be reformed; while the plat can not be reformed in its entirety because certain other owners were not before the court. *Held*, defendant was entitled to relief against the one who is before the court, and whose claim casts a cloud upon defendant's title. (Page 150.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*J. M. Brice* and *Sam Frauenthal,* for appellant.

It was error to transfer the cause to equity and for the chancery court to retain jurisdiction thereof after the transfer. The issues involved, the title to the land, the questions whether or not the defendant was in possession of the land described in the complaint and whether the plaintiff was entitled to such possession, were cognizable solely at law. If, under the prayer in defendant's answer, that the title to the lots be quieted in her, the chancery court had any kind of concurrent jurisdiction, that was excluded by reason of the fact that the circuit court had first obtained jurisdiction. 2 Pomery, Eq., § 735; 1 *Id.,* § 177; 65 Ark. 503; 44 Ark. 436; 24 Ark. 431; 19 How. 271; 93 Ark. 376; 87 Ark. 206; 75 Ark. 115; 73 Ark. 462; 67 Ark. 441.

*John L. Ingram* and *Manning & Emerson,* for appellee.

Under the pleadings and the relief asked for in the answer, the chancery court had jurisdiction, and it would have been error under the circumstances to refuse to transfer the cause to equity. 70 Ark. 157; 36 Ark. 228; 29 Ark. Law Rep. 286; 100 Ark. 28-34; 48 Ark. 312-16; 46 Ark. 96-102; 77 Ark. 570-76; 100 Ark. 163-66. Appellee alleged title, and had a right to have it quieted in her. 80 Ark. 43-48.

If there had been no prayer in the cross complaint for equitable relief, the allegations therein were sufficient to state a cause of action in equity in behalf of appellee, and she had the right to have the cause transferred. 78 Ark. 65-69, and authorities cited.

When the chancery court obtained jurisdiction it had it for all purposes, hence it was the duty of the court to decide not only the questions in equity presented, but all questions between the parties, and thereby prevent further litigation. 92 Ark. 15-28; 37 Ark. 286-93; 87 Ark. 206-10; 23 Ark. 746; 24 Ark. 431; 29 Ark. 612; 37 Ark. 643; 43 Ark. 28; 44 Ark. 236; 56 Ark. 391; 57 Ark. 97; 74 Ark. 484; 77 Ark. 338; 99 Ark. 438-46.

Smith, J. This was an ejectment suit instituted by the appellant against the appellee, in the circuit court of Arkansas County, to recover certain lots situated in the town of Stuttgart. The action involved the title to a parcel of ground, 140 by 50 feet, in the southwest corner of block 11 of Improvement Company's Addition to the town of Stuttgart. Appellant contends that the above parcel of land is the west 140 feet of lot No. 9, while appellee contends that it is the west portion of lot No. 10. Appellant has a deed to lot No. 9, and if that lot is located at the southwest corner of block No. 11, he had the title to the property in question, unless appellee had the title by virtue of the seven-year statute of limitations and if lot No. 9 is not located in the southwest corner of block No. 11, then appellant has no title whatever to the lot in controversy. The complaint

alleged that the defendant was in the unlawful possession of the said lot No. 9, and had been for some time prior to the institution of this suit, but the defendant answered and disclaimed any right, title or interest in the lands described in the complaint and denied that she was or had been in possession of any part thereof. This litigation involves the question as to which of two plats of said block No. 11, in which the property is situated, is correct. It appears that this block was surveyed and platted by one H. J. Campbell, and there was offered in evidence two plats, each of which was said to be the correct and original plat, made at the time of the survey. Defendant claims under a plat which is designated as plat No. 1, and according to it lot No. 10 was situated in the southwest corner of the block. And appellee alleged in her answer that an untrue and incomplete and imperfect copy of the plat was made or drawn, and without authority of the city of Stuttgart or of the improvement company, which company owned the land, a plat was filed for record in the office of the clerk of Arkansas County, and now appears of record in that office, and according to that plat, designated as plat No. 2, lot No. 9 was the southwest corner lot. In addition to her disclaimer, that she was in possession of the land described in the complaint, appellee further alleged, that she and her grantors had been in the open, notorious, continuous, actual and adverse possession of the land occupied by her for a period of more than seven years, and she claimed title under this possession. She asked that the cause be transferred to equity and that said plat No. 2 be cancelled and that her title to said premises be quieted as against plaintiff, or any one claiming under him. The title of the respective litigants is set out by them in the complaint and answer and exhibits thereto, but it will be unnecessary to abstract them here, for the reason that appellee does not deny appellant's title to the lots described in the complaint, and denied she had possession thereof. Appellant's right of possession depends upon the establishment of the correctness of plat No. 2, under

which he claims and upon the determination of the question of appellee's adverse possession.

The right of possession was of course triable at law, and if that was the only question involved it would have been error calling for the reversal of the case to transfer the cause to equity. *Cole* v. *Mette,* 65 Ark. 503. Or if the defendant could have secured all the relief to which she was entitled, under the allegations of her answer, in a court of law, it was error to transfer the cause. The cause was transferred to equity over appellant's objection and his motion to remand was overruled and his exceptions were saved to that action of the court.

Under the allegations of the answer, was appellee entitled to any relief which she could not have secured in a court of law? We think she was. True, in a trial at law she might have had the fact determined that her adverse possession had ripened into title, and a recovery defeated on that account; or by determining that plat No. 2 and not plat No. 1 was the correct plat, a recovery of the possession of the lot might have been defeated. But though appellee might have defeated appellant's recovery of the lot, this is not all the relief to which she was entitled, and which she prayed might be granted her, upon the transfer of the cause. She prayed that her title might be quieted, and this was relief which she might affirmatively have had in a suit brought by her for that purpose in equity. Plat No. 2, which had been filed for record, showed that she was in possession of land she did not own if this was the genuine plat, and by it appellee could not have shown a good paper title to her lot and a suit to quiet her title by cancelling that plat could only have been brought in equity.

Appellant insists that the plat could not be reformed in its entirety, because there were owners who were not before the court. This is true, but that fact is no reason why she should not have had that relief against one who was before the court, and whose claim cast the cloud upon the title.

No question is made about the correctness of the

chancellor's finding, and it appears to us to be authorized by the evidence; but appellant says the questions in-volved should have been determined in the circuit court. But for the reasons stated, we think the cause should have been transferred and the decree of the chancellor is affirmed. *Ashley* v. *Little Rock*, 56 Ark. 391; *Cook* v. *Jones*, 80 Ark. 48.