HENRY QUELLMALZ LUMBER & MANUFACTURING COMPANY.
*v.* ROCHE.

Opinion delivered July 5, 1920.

1. TRIAL—TIME OF TRIAL.—Where the owner of an undivided interest in lands conveyed the standing timber on his half interest to another, and his cotenant brought suit for partition, making the other cotenant and his grantee parties, it was error to go to trial without service upon the cotenant or before the lapse of twenty days after service, allowed to the cotenant to answer.

2. PARTITION—JURISDICTION.—Law and equity courts have concurrent jurisdiction in partition.

3. PARTITION—TIMBER AND LAND.—Where the owner of an undivided half interest in timber land conveyed the timber thereon, in a partition proceeding by the other cotenant against such grantor and grantee, *held* that partition can not be made unless both the timber and land can be divided without prejudice to the rights of all parties.

4. PARTITION—MODE OF DIVISION.—One having an undivided half interest in the timber on a parcel of land can not compel his co-owner to take his choice of a division to be made by the former or to make a division himself and allow the former first choice, as Kirby's Digest, § 5778, provides for the appointment of commissioners to make partition.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley,* Chancellor; reversed.

STATEMENT OF FACTS.

This is a suit for partition brought in equity by Henry Quellmalz Lumber & Mfg. Co. against Thos. J. Roche, T. E. Day and Ed. Cleveland.

The material facts are as follows: Henry Quellmalz Lumber & Mfg. Co. and Thos. J. Roche were tenants in common of certain timber lands in Clay County, Arkansas, each owning an undivided one-half interest therein. Thos. J. Roche conveyed by deed the timber on his undivided one-half interest in the lands and in the timber deed gave Day a stated time within which to cut and remove the timber from the lands. Day hired Cleveland to cut and remove the timber from the lands.

The present suit was filed on the 17th day of September, 1919. The chancery court convened less than

twenty days after the filing of the suit.   Day and Cleveland filed answers and appeared when the case was called for trial.   The plaintiff objected to going to trial without service upon Roche, but his objection was overruled.

The defendant Day, in open court, made an offer to divide the timber in controversy, which is as follows: "Plaintiff within one week may have the timber divided into two parts separated by a line, to be plainly blazed, and defendant take his choice of the parts set off. . .

"Or defendant will within one week divide the timber into two parts and blaze a plain line between them and allow plaintiff to take his choice of parts.

"In either event the other party shall exercise his choice within three days from date of notice that the line has been marked."

The court found that the offer made by Day to let plaintiff divide the timber and the defendant take choice of the tracts, or to let defendant divide the timber and the plaintiff take choice of tracts, showed that the timber in controversy was susceptible of division in kind.

It was decreed that plaintiff be given seven days from date of the decree in which to elect which of the offers made by the defendant Day he would accept.   It was further decreed that, in case the defendant Roche entered his appearance within seven days and consented to a sale of his interest in the land, the commissioner in chancery proceed to sell the land and timber as directed in the decree; that in case Roche did not enter his appearance and consent to a sale of the land and timber and the plaintiff did not elect in seven days to accept one of the offers of Day as to the division of the timber in kind, the commissioner in chancery sell the timber alone after having advertised it as directed in the decree.   The plaintiff has appealed.

 *C. T. Bloodworth,* for appellant.

The entire evidence shows that the decree awarding partition of the timber without bringing into court Thos. J. Roche, the owner of the one undivided one-half interest in the land, was a financial injury to plaintiff and

without warrant in law or equity, and the chancellor had no jurisdiction to award partition of the timber without bringing into court Roche, the owner of the undivided interest in the land and timber. 17 R. C. L. 1103, § 30; 25 A. & E. Ann. Cas. 587, note. He also failed to award plaintiff any damages for the timber cut by defendants. 47 N. W. 129; 30 Cyc. 175. The rules of equity required that Roche, the vendor of Day, be brought into court. 22 L. R. A. 641.

*Oliver & Oliver,* for appellees.

1. The oral testimony before the chancellor is not preserved by bill of exceptions nor was section 19 of the practice act of 1915 complied with. 127 Ark. 274.

2. Appellant has abandoned the sole contention in the court below that he did not want the timber sued for because he then had logs sufficient to furnish his mill for nine or twelve months, and now seeks a reversal on a ground not raised in the court below that Roche owned a half undivided interest in the land and the timber could not be partitioned unless the land was partitioned at the same time. Rulings not urged or discussed in the briefs are waived. 18 Ark. 384; 90 *Id.* 608; 105 *Id.* 40. Where one cotenant grants to a third party the timber on his moiety, the grant can not as against the cotenants create a cotenancy in the timber district from that in the land which will require them to submit to partition of the former not including the latter. The grantee can not therefore maintain a suit for partition of the timber only. 30 Cyc. 175 (3).

Appellant has abandoned all his objections made below and seeks reversal on objections not made below. A case will not be tried on appeal on issues not raised below. 74 Ark. 88, 557; 71 *Id.* 242. This applies to equity cases as well as law cases. Moreover, appellant accepted without objection the conditional order of the court granting a restraining order, filed a bond and caused a temporary restraining order to be issued and thereby

consented to a final hearing between himself and Day and that such order might be made as could be made if Roche was a party.   The decree is right and should be affirmed.

HART, J. (after stating the facts).   It appears from the record that the plaintiff and Thos. J. Roche were tenants in common of a tract of timber land and that Roche conveyed his interest in the timber to the defendant Day.   The plaintiff brought suit for partition and made both Day and Roche defendants.

The court called the case for trial before the twenty days under the statute required of Roche to answer had elapsed.   This was error.   It is generally provided by statutes governing procedure in partition suits that all parties having or claiming any interest in the land are not only proper but necessary parties to the suit.   The reason is that there may be a decree which will completely and effectually adjust the rights and equities of all parties in interest.   20 R. C. L., p. 757, section 41 and 30 Cyc. 201.

Our statute provides that where lands shall be held in tenancy in common any one or more of the persons interested may bring suit for partition of the premises according to the respective rights of the parties interested therein, and for a sale thereof, if it shall appear that partition can not be made without great prejudice to the owners.   Kirby's Digest, section 5770.   Our statute also provides that every person having an interest in lands which are the subject of partition shall be made a party to the partition suit.   Kirby's Digest, section 5772.

In *Waldron* v. *Taenzer*, 79 Ark. 16, it appeared that the appellant owned an undivided one-half interest in the lands which had been partitioned in a suit to which he was not a party.   The court said that the lands could not have been partitioned legally under the statute without making him a party.   In this State, courts of law and equity have concurrent jurisdiction for the partition of real estate.   *Dunbar* v. *Bourland*, 88 Ark. 153. This court has held that a deed to growing trees au-

thorizing the grantee to cut and remove the same within a specified time conveys an interest in the lands. *King-Ryder Co.* v. *Scott,* 73 Ark. 329, and *Graysonia-Nashville Lbr. Co.* v. *Saline Development Co.,* 118 Ark. 192.

It follows that the court erred in proceeding with the partition proceeding without service upon Roche. The decree could not bind Roche unless he was served with summons for the time required by the statute, or he entered his appearance to the suit. He did neither, and it was error to proceed without him. If he had been before the court, the court might have divided the lands so that the plaintiff might have allotted to him a certain part of the land and timber and then allotted to Day the timber which stood on the land allotted to Roche. Again, the court might have ordered the land and the timber sold as might be to the best interest of all parties. Inasmuch as the case must be reversed for the error in not making Roche a party to the suit, we deem it advisable to call attention to an error of the decree in another respect.

The court found that because Day filed an offer to let the plaintiff divide the timber and the defendant take choice of the tracts, or to let the defendant Day divide the timber and plaintiff take choice, this was conclusive evidence that the timber in controversy was susceptible of division in kind.

As we have already seen, a conveyance of the timber by Roche to Day gave the latter an interest in the land. The statute is that there shall be a sale of the land if it shall appear that partition can not be made without great prejudice to the owners. The question is not whether the timber can be divided, but whether or not the timber and the land can be divided without prejudice to the rights of all parties interested.

Section 7219 provides for the appointment of commissioners to make the partition. The mode of division offered by Day might or might not be just and practicable in this case. It certainly would not do to lay it down as a rule that could be applied in any case; for one of the

parties might be a skilled land or timber man and the other not. This would give the practical land and timber man a decided advantage if he could draw a line and require the other to take his choice, or *vice versa*. Under our statute, the interested parties have the right to have the land divided by three disinterested persons if it is susceptible of division without prejudice to the rights of the owners.

It follows that the decree will be reversed and the cause remanded for further proceedings according to the principles of equity and not inconsistent with this opinion.