## GIBBS *v.* BATES.

### Opinion delivered October 31, 1921.

1. QUIETING TITLE—JURISDICTION.—The jurisdiction of equity to quiet title, independently of statute, can be invoked by a plaintiff holding under a legal title only when he is in possession, the remedy at law being otherwise adequate.

2. EQUITY—WANT OF JURISDICTION—DISMISSAL OF ACTION.— Where
neither the original bill nor the cross-bill set up matters cogniz-
able in equity, the chancery court properly dismissed the com-
plaint for want of equity.

Appeal from St. Francis Chancery Court; *A. L.
Hutchins,* Chancellor; affirmed.

STATEMENT OF FACTS.

Eva E. Gibbs brought this suit in equity against
Nora L. Bates to quiet her title to a tract of land com-
prising 67 acres more or less in St. Francis County, Ark.
In her complaint she alleges that she is the legal owner
and in possession of the land. Her complaint further
states that Nora L. Bates makes an adverse claim to the
land, the nature and character of which is unknown to
the plaintiff.

Nora L. Bates filed an answer in which she denied
that Eva E. Gibbs was in possession of the land, and
averred that she was herself in possession of the land.
The defendant claimed title by adverse possession, and
asked to be discharged from the action.

The record shows that the defendant had been in
possession of the land in question for more than fifteen
years, claiming and holding the same adversely to all
persons.

The chancellor found for the defendant, and it was
decreed that the complaint of the plaintiff should be
dismissed for want of equity.

To reverse that decree the plaintiff has duly pros-
ecuted this appeal.

*Otis Gilleylen* and *Carmichael & Brooks,* for ap-
pellant.

Appellee's claim of adverse possession is inconsis-
tent with her previous claim to a life estate in the land,
which she based on the ground that she was infant
when she relinquished her dower to appellant, which
deed was voidable. 57 Ark. 632. Possession of a life
tenant does not become adverse to the reversioner until
after the death of the life tenant. 126 Ark. 1. She ac-

quired no right by paying taxes, which is an obligation imposed upon the life tenant. 128 Ark. 605. The former suit was one for unlawful detainer, therefore her plea of *res judicata* is untenable. 104 Ark. 322; 123 Ark. 156.

Appellant was entitled to the relief sought. C. & M. Dig. §§ 8362 and 8369; 87 Ark. 494.

The attempt of the infant wife to convey her homestead is not void, but voidable, and the contract being good on its face, she must disaffirm her contract within a reasonable time after arriving at full age.

The action was not prematurely brought, nor the appeal prematurely taken.

*Mann & Mann,* for appellee.

Appellant was not in possession of the land and not entitled to relief under § 8362 C. & M. Dig. Inasmuch as the allegation of possession was not sustained by the evidence, the cause of action must fail. 74 Ark. 383; 56 Ark. 391; 44 Ark. 436; 72 Ark. 256. Appellant having failed to establish her right to equitable relief, the court was without jurisdiction, and properly dismissed the complaint for want of equity. 56 Ark. 93.

Appellee's possession of the land was adverse to appellant. The answer filed by appellee to the previous suit denied the title of appellant to the property in suit, and was a disaffirmance by her of the deed executed during her minority, putting into effect the statute of limitations. 22 Cyc. p. 554; 90 Ark. 367.

HART, J. (after stating the facts). Equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession holding the legal title. The reason is where the title is a purely legal one, and some one else is in possession, the remedy at law is plain, adequate and complete, and an action of ejectment cannot be maintained under the guise of a bill in chancery. In such a case the party in possession has a constitutional right to a trial by jury. *Pearman* v. *Pearman,* 144 Ark. 528, and cases cited.

So, too, under our statute any person claiming to own land that is in the actual possession of himself, or those claiming under him, may have his title to such land confirmed and quieted in the manner provided by the act. Crawford & Moses' Digest, §§ 8362 and 8383.

In the present case the plaintiff claims under a legal title, and the defendant is in possession of the land claiming to hold adversely to the plaintiff and to all other persons. The plaintiff claiming under a legal title and the defendant being in possession, the plaintiff had a full and complete remedy at law, and chancery had no jurisdiction in the premises.

It is true that the defendant filed an answer setting up title in herself by adverse possession, but she did this by way of defense to the plaintiff's action, and did not ask affirmative relief for herself. Of course, where the defendant files a cross-bill founded on matters clearly cognizable in equity, this supplies any defect in jurisdiction and places the court in possession of the whole cause and imposes upon it the duty of granting relief to the party entitled to it. The original bill and cross-bill then became but one cause, and a court of chancery takes jurisdiction where allegation of the cross-bill supply the defects of the original bill. *Pearman* v. *Pearman, supra,* and cases cited.

It follows that, neither the original bill nor the answer having set up matters cognizable in equity, the chancery court was right in dismissing the complaint for want of equity, and the decree will be affirmed.