ELLIS, Judge.
This is- an injunction proceeding instituted by Joseph H. Elum and Gus Riley to prohibit Wilden Kling from .blocking a public road.
A rule nisi was issued and made returnable on' February 24, 1956. On that date defendant, appearing through counsel, objected to proceeding with the hearing as the rule had been served upon him on February 23, 1956. The objection was sustained and by agreement of counsel the rule was set for hearing on March 15, 1956. On March 9, 1956, defendant filed an exception of no right of action which exception was also set for hearing on March 15, 1956.
On the date set for the hearing of the exceptions and the rule nisi, defendant’s counsel filed an “answer to Rule Nisi” (only) denying each and every one of plaintiffs’ allegations and pleading further that the plaintiffs are not entitled to any injunctive relief. In the alternative defendant pleaded that should the trial court decree that injunctive relief is proper, pending a trial on the merits, that defendant’s cattle would be permitted to roam and be killed or cause damage to others, for which defendant could be held liable. Defendant’s prayer requested, first, that the rule be recalled and dismissed at plaintiffs’ cost and, in the alternative, should a preliminary injunction issue pending a trial on the merits, that plaintiffs be ordered to post a bond in the amount of $11,500.
Also on the date set for hearing, the attorney for defendant made a motion that the matter be heard only as to whether a preliminary injunction should issue and not on the merits.
The trial judge ruled that the answer filed by the defendant joined the issue and that the entire matter be tried at one time on the merits. Defendant’s attorney was asked if he desired a continuance and upon a negative answer, the judge proceeded to try the case on its merits. Attorney for defendant objected to trying the case on its merits at that time, stating that the *883 only issue joined at that time was whether a preliminary injunction should issue after the hearing on the rule nisi.
The case proceeded on a trial of the merits with witnesses for both sides testifying and counsel for both sides cross examining the witnesses.
After the trial on the merits the trial judge read, rendered and signed judgment in open court on June 29, 1956, in favor of the plaintiffs, permanently enjoining defendant from obstructing or blocking the said road and from any manner molesting or interfering with plaintiffs or the public generally in the use thereof.
From this judgment defendant has appealed, contending that the judge in the lower court committed error in proceeding to trial on the merits, when, in fact, the only issue before the court at that time was the rule nisi to show cause why a preliminary injunction should not issue.
Plaintiffs rely on the case of Louisiana State Board of Medical Examiners v. Wimberley, La.App., 85 So.2d 679, as authority to support the proposition that if an answer is filed joining issue a trial on the merits is proper even though defendant appears solely for the purpose of trying a rule to show cause why a preliminary injunction should not issue pending a trial on the merits. We feel that the facts and issues in the Wimberley case, supra, and the facts and issues in the case at bar are not on all fours. In the Wimberley case, supra, a rule to show cause why a preliminary injunction should not issue was set for February 28, 1955 and on that date defendant filed an answer to the merits together with exceptions which were overruled and the matter was fixed for trial on April 14, 1955, without a preliminary injunction formally being issued. The case was tried on the merits and a permanent injunction was granted together with penalties and attorney’s fees.
The appellant, inter alia, contended on appeal that the lower court could not legally grant a permanent injunction, that there must first be a hearing upon the preliminary injunction before a permanent one could be granted. However, answer was filed and issue was joined on the merits.
In the case at bar, defendant’s attorney made a timely objection to proceeding with a trial on the merits and, although he did not desire a continuance, the only matter before the Court and submitted to it for adjudication under the rule nisi was to show cause why a preliminary injunction should not issue as prayed for. Since there are technical distinctions between a preliminary injunction and permanent injunction, with different pleadings and different delays, see Lambert v. Lass, La.App., 25 So.2d 913, 916, Louisiana State Board of Medical Examiners v. Wimberley, La.App., 85 So.2d 679; LSA-R.S. 13:4062 et seq., in the absence of an agreement of the parties, the cause may not be finally determined on the evidence submitted at the hearing on the application for the preliminary injunction. Baton Rouge Cigarette Service v. Bloomenstiel, La.App., 88 So.2d 742; 43 C.J.S., verba, Injunctions, § 199 d. (3), p. 921.
The District Court is without authority to order trial or to issue judgment on the merits, in the absence of answer to the merits, default, or waiver thereof, see Morris v. Williams, La.App., 88 So.24 721 and many authorities cited therein.
Therefore, based on the foregoing-reasons and authorities, we feel that the trial judge committed manifest error by-proceeding to trial on the merits over the objection of defendant’s counsel.
For this reason the judgment of the lower court is set aside and overruled and the case is remanded for proceedings according to law and consistent with the views herein expressed. Costs of this appeal are to be assessed against the ap-pellee, all other costs to await final determination of this suit.