534

## CHARLIE BROOKS v. KATIE McGILL

5-5518                                    465 S. W. 2d 902

Opinion delivered April 26, 1971

*Odell C. Carter,* for appellant.

*George Howard, Jr.,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation relates to who is the owner of Lot Nine of Paul's Addition to the town of Grady, Arkansas. In September, 1946, a warranty deed was given from Sam Bass and wife to Ira McGill and Katie McGill to land described as Lot Nine in Block Three of Paul's Addition to the town of Grady. In November, 1951, Lem Mosley and wife conveyed by warranty deed to Charlie Brooks, appellant herein, land described as Lots Five and Eight in Block Three of Paul's Addition to the town of Grady. In 1968, Katie McGill, appellee herein, obtained a deed from Southeast Arkansas Levee District for Lot Twelve, Block Three of Paul's Addition to the town of Grady. Appellee's residence is located on this lot; also, in this same year, she obtained a deed from the State of Arkansas for Lot Twelve Block Three of Paul's Addition to the town of Grady. Accordingly, though Mrs. McGill, together with her husband, had received a deed in 1946 to Lot Nine, she actually placed her house on Lot Twelve, thinking it was Lot Nine. Appellee testified that she did not know when she discovered that her home was actually on Lot Twelve; as noted, she did acquire the two deeds heretofore referred to in 1968. In August, 1969, Mrs. McGill instituted suit in the Lincoln County Chancery Court against Brooks

alleging that nine months previously, Brooks had entered on her property without her consent, permission, or approval, had stacked lumber on the premises and had interfered with her enjoyment and use of the premises. It was contended that Brooks was financially irresponsible; that an action for damages would be of no value; that she had no adequate remedy at law, and she prayed the Chancery Court, in addition to seeking $5,000 damages for appellant's unauthorized entry, use and occupation of the property, to restrain Brooks from coming upon any part thereof. Appellant filed a motion to dismiss the complaint, asserting that he was in possession of the land referred to, and had been for twenty years; that he had planted a garden thereon and used it for many years, and was the owner of the land; further, that the action was purely an ejectment action, and the proper remedy would be a suit in ejectment in the Circuit Court of Lincoln County. This motion was denied, and Brooks filed an answer setting out more fully his acts of possession; he also renewed his motion that the complaint be dismissed, or in the alternative, that the cause be transferred to the Circuit Court of Lincoln County. The court overruled the motion, and the cause proceeded to trial, the court entering a decree for appellee at the conclusion thereof. Three points are relied upon for reversal, but since we agree that the trial court erred in refusing to transfer the case to Circuit Court, there is no need to discuss the other points relied upon.

It is clear from the record that Brooks was in possession of Lot Nine at the time this suit was filed; in fact, the complaint itself asserts that he had been in possession for nine months. This being true, we cannot examine further the evidence heard by the chancellor, for the motion to transfer should have been granted. In *Gibbs* v. *Bates,* 150 Ark. 344, 234 S. W. 175, this court said:

"In the present case the plaintiff claims under a legal title, and the defendant is in possession of the land claiming to hold adversely to the plaintiff and to all other persons. The plaintiff claiming under a legal title and the defendant being in possession, the plaintiff

had a full and complete remedy at law, and chancery had no jurisdiction in the premises."

See also *Jackson* v. *Frazier*, 175 Ark. 421, 299 S. W. 738, and cases cited therein.

The same situation exists in the case before us.

Reversed and remanded, with directions to transfer to the Lincoln County Circuit Court.