# THE CORNER, INC *v.* STATE of Arkansas

74-87                                          518 S.W. 2d 506

Opinion delivered January 27, 1975

*Woodward & Kinard, Ltd.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, a nonprofit corporation operating a private club in Miller county, appeals from one of two companion orders that were entered by the circuit court in two cases that were consolidated for a hearing. In the first case the prosecuting attorney, under Ark. Stat. Ann., Title 34, Ch. 1 (Repl. 1962), obtained on August 23, 1973, a temporary order padlocking the club until a final hearing could be had after the 5-day notice required by Section 34-104. That case was heard on August 30, with the court entering an order that permitted the club to reopen but enjoined future violations of law upon the premises. The appellant does not question that order, which conformed to the statute, as we have construed it. *Lawson* v. *State,* 226 Ark. 170, 288 S.W. 2d 585 (1956).

The appeal is from the court's order in the companion case. The prosecuting attorney filed that complaint four days after he filed the first one. He asked that the appellant corporation be involuntarily dissolved, as a public nuisance, under Ark. Stat. Ann. § 64-1918 (e) (Repl. 1966). Only three days later, on August 30, both matters were presented to the

court, despite the appellant's insistence that it was entitled to 20 days for the filing of its answer in the second case. The court offered to postpone the hearings only upon condition that the club remain padlocked. The appellant refused to agree to that condition. The court then found that the two cases presented similar issues, that some 30 witnesses were expected to testify in each case, and that there was no need for the testimony to be heard twice. Both cases were accordingly tried together on August 30. In the second case the court entered the order now on review, dissolving the corporation as a public nuisance.

The court was in error. The second case was not a summary proceeding such as the first one. It was a plenary proceeding in which the State asked that the corporation be permanently and finally dissolved, presumably at a financial loss to its members. In such a proceeding, as in any other lawsuit, the statute allows the defendant 20 days in which to file an answer or other pleading. Ark. Stat. Ann. § 27-1135 (Repl. 1966). The cases uniformly hold that the courts cannot reduce the time allowed by the legislature for the filing of an answer. *Elum* v. *Kling*, 90 So. 2d 881 (La. App. 1956); *McCarty* v. *McCarty*, 300 S.W. 2d 394 (Mo., 1957); *Lakeland Water Dist.* v. *Onondaga County Water Authority,* 24 N.Y. 2d 400, 248 N.E. 2d 855 (1969). We took a similar position in *Henry Quellmalz Lbr. & Mfg. Co.* v. *Roche,* 145 Ark. 38, 223 S.W. 376 (1920), where, upon facts not quite like those here, we said: "The court called the case for trial before the twenty days under the statute required of Roche to answer had elapsed. This was error."

Reversed.