Thomas R. FOSTER and Frances J. FOSTER
*v.* Leon WHITLOW

CA 81-277                                           630 S.W. 2d 559

Court of Appeals of Arkansas
Opinion delivered March 31, 1982

*Charles R. White,* for appellants.

*Gibbs & Hickam, P.A.,* by: *Gary R. Gibbs* and *D. Scott Hickam,* for appellee.

TOM GLAZE, Judge. The decisive issue in this appeal concerns whether the trial court erred by proceeding to trial of this cause before appellants' twenty days expired within which they had to respond to a counterclaim filed by appellee. The facts underlying this legal issue are not disputed.

On April 21, 1981, appellants filed a specific performance suit against appellee, alleging he should be directed to deliver a warranty deed to property sold to appellants pursuant to an oral contract of sale. On April 28, 1981, appellee filed an answer, denying such a sale and requesting the court to order appellants to vacate the premises since they had no legal or equitable interest in the property. The parties agreed to an early trial setting on April 30, 1981, but the trial judge became ill. The court rescheduled the date of trial to May 11, 1981.

After receiving notice of the new May 11 trial date, appellants promptly moved for a continuance, stating they would be out of state on vacation. The court denied appellants' motion. Appellants failed to appear in court on May 11, but their counsel did, renewing appellants' motion for continuance. The court again denied the motion, and after its ruling appellants' counsel moved to nonsuit their case. This request was granted.

Since appellants' complaint was nonsuited, this left pending only appellee's answer which also contained a prayer requesting the court to order appellants to be removed from the property. The court treated this answer, and the relief requested, as a counterclaim for ejectment or unlawful detainer. Appellants' counsel moved to transfer this remaining cause of action to circuit court, contending that appellee's ejectment or unlawful detainer action was cognizable solely in circuit court. The court denied this motion, and counsel for appellants again requested a continuance, this time contending he wanted his twenty days within which to respond to appellee's counterclaim. This motion was denied. The court proceeded to trial on the merits of the counterclaim which resulted in its decision, finding no enforceable contract of sale between the parties

and ordering appellants to deliver possession of the disputed property to appellee.

We believe the court erred in not permitting appellants twenty days in which to file their answer to appellee's counterclaim as provided by Rule 12 of the Arkansas Rules of Civil Procedure. The counterclaim was not filed until April 28, 1981, and although the record is not clear when appellants were served, the trial on the counterclaim occurred on May 11, 1981, or twenty days after appellants filed their complaint and only thirteen days after appellee's counterclaim was filed. Appellants admittedly agreed to an earlier trial date, *i.e.*, April 30, but this trial never took place. Perhaps, if it had, the parties could have formally joined issues and proceeded to trial even though time had not run for the filing of all pleadings, and particularly appellants' answer to appellee's counterclaim. Instead, the case was reset by the court to the May 11 date, but this later setting was never agreed to by appellants.

We have held that whether a motion for continuance should be granted is addressed to the discretion of the trial judge and his decision will not be overturned unless that discretion is manifestly abused. *Johnson* v. *Coleman,* 4 Ark. App. 58, 627 S.W. 2d 565 (1982). Moreover, we also pointed out in *Johnson* that an attorney's trial schedule conflicts and convenience must be subject to the convenience of the trial court in setting its trial or hearing docket. However, this does not mean that a trial court can set a trial date in a plenary proceeding, which would effectively cause a reduction in a party's time to file an answer. See *The Corner, Inc.* v. *State of Arkansas,* 257 Ark. 525, 518 S.W. 2d 506 (1975).

In *Corner,* the prosecuting attorney filed an action to have the court dissolve The Corner Corporation as a public nuisance. Three days later, the trial court proceeded to hear the cause over the corporation's objections that it was entitled to twenty days to file an answer. On appeal, the Supreme Court agreed with the corporation's contentions, stating:

It was a plenary proceeding in which the State asked that the corporation be permanently and finally dissolved, presumably at a financial loss to its members. In such a proceeding, as in any other lawsuit, the statute allows the defendant 20 days in which to file an answer or other pleading. Ark. Stat. Ann. § 27-1135 (Repl. 1966). The cases uniformly hold that the courts cannot reduce the time allowed by the legislature for the filing of an answer.

In accordance with *Corner,* we conclude appellants are entitled to twenty days within which to respond to appellee's counterclaim. Appellants never waived this right although they may well have chosen to do so if the April 30 trial had been held. Appellants had filed no answer prior to the May 11 trial nor did the pleading filed by appellee indicate an answer was necessary. The pleading filed by appellee was styled "Answer," and it was not until the May 11 trial that it was decided the relief contained in the answer would be treated as a counterclaim. After the parties and the court reached this decision, the trial court, under the circumstances of this case, should have allowed appellants twenty days to answer.

We must briefly address another issue raised by appellants on whether appellee's cause of action should have been transferred to circuit court. Apparently, the parties and the court concluded that appellee stated sufficient facts in his answer to sustain an ejectment action. Our courts have held that in an action of ejectment the right of possession is a question triable at law. *Lockridge* v. *Johnson,* 108 Ark. 147, 157 S.W. 405 (1913), and *Brooks* v. *McGill,* 250 Ark. 534, 465 S.W. 2d 902 (1971). Appellee contends, however, that since appellants invoked the assistance of equity, they cannot now object to that jurisdiction unless the subject matter of the litigation is wholly without equitable cognizance. To this effect see *Spikes* v. *Hibbard,* 225 Ark. 939, 286 S.W. 2d 477 (1956), and *Arkansas State Highway Commission* v. *Rice,* 259 Ark. 190, 532 S.W. 2d 727 (1976).

Appellants' voluntary nonsuit of their specific performance action would not, of itself, affect the court's

jurisdiction as to appellee's counterclaim. See *Naylor v. Goza, Judge*, 232 Ark. 515, 338 S.W. 2d 923 (1960). We agree with appellee that it was appellants who initially selected equity as an appropriate forum. Therefore, we cannot accept appellants' position now that they are entitled to lift this cause from the court they asserted was the only one with sufficient jurisdiction to afford complete relief. Certainly, if appellee had objected to the court's jurisdiction due to his ejectment action, our decision, on the facts of this case, would be otherwise. However, both parties here sought equity jurisdiction to resolve their respective actions, and we know of no reason why the court cannot, under the "clean up doctrine," retain jurisdiction of appellee's cause so as to afford the parties whatever relief may be required. See *Arkansas State Highway Commission* v. *Rice, supra,* at 192-194.

We hold that the trial court correctly decided to retain jurisdiction of the cause, but we reverse and remand this case for a new trial since it erred in not allowing appellants their twenty days to file an answer.

Reversed and remanded.

MAYFIELD, C.J., and CRACRAFT and CORBIN, JJ., concur.

MELVIN MAYFIELD, Chief Judge, concurring. As the majority opinion sets out, on the morning of trial the appellants renewed their previous motion for continuance and when it was denied took a nonsuit on their complaint. The chancellor then treated a prayer in appellee's answer, requesting that the court remove appellants from the property, as a counterclaim for ejectment. Appellants then moved to transfer this remaining cause of action to circuit court and when that motion was overruled they again moved for a continuance asking for twenty days to respond to the counterclaim.

I agree with the majority that the trial court should have allowed appellants time to respond to appellee's counterclaim but I also think their motion to transfer to circuit court should have been granted.

When the complaint was nonsuited the only cause of action left was one for ejectment by a party holding legal title against a party in possession. In this situation *Brooks* v. *McGill,* 250 Ark. 534, 465 S.W. 2d 902 (1971) cited by appellants, very clearly holds that a party claiming under a legal title has a full and complete remedy at law against a party in possession and that chancery has no jurisdiction. A case cited in *Brooks* explains the matter this way:

> This court has held that equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession holding the legal title. The reason is that, where the title is a purely legal one, and some one else is in possession, the remedy at law is plain, adequate and complete, and an action by eject-ment cannot be maintained under the guise of a suit to quiet title. In such cases the party in possession has a constitutional right to a trial by jury. *Pearman* v. *Pearman,* 144 Ark. 528, 222 S.W. 1064; *Gibbs* v. *Bates,* 150 Ark. 344, 234 S.W. 175; and *Simmons* v. *Turner,* 171 Ark. 96, 283 S.W. 47.

*Jackson* v. *Frazier,* 175 Ark. 421, 424, 299 S.W. 738 (1927).

This has been the rule in Arkansas for more than one hundred years. In *Lawrence* v. *Zimpleman,* 37 Ark. 643 (1881), the court said:

> To obtain the relief sought, the plaintiff must be in possession when he brings suit, unless his title be an equitable one. A Court of Chancery is not the ap-propriate forum to try a purely legal title. The de-fendant, if he is in actual possession, is entitled to a trial by jury, unless there are peculiar circumstances bring-ing his case under some one of the recognized heads of equity jurisdiction.

And in *Ralston* v. *Powers,* 269 Ark. 63, 598 S.W. 2d 410 (1980), the court said:

> The equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession,

unless his title be merely an equitable one. The reason is that where the power is purely a legal one, and some one else is in possession, the remedy at law is plain, adequate and complete, and an action of ejectment cannot be maintained under the guise of a bill in chancery. In such case the adverse party has a constitutional right to a trial by jury.

*Ralston* goes on to say, "However, this jurisdictional requirement may be satisfied by a defendant in possession, even though the plaintiff is not, if the defendant affirmatively raises issues clearly cognizable in equity." The case of *Gibbs* v. *Bates*, 150 Ark. 344, 234 S.W. 175 (1921) cited by appellants, holds the same thing but the complaint was dismissed because neither it nor the answer set up a matter cognizable in equity. In regard to the answer, the court said:

It is true that the defendant filed an answer setting up title in herself by adverse possession, but she did this by way of defense to the plaintiff's action, and did not ask affirmative relief for herself.

In the case of *Ark. State Hwy. Commission* v. *Rice*, 259 Ark. 190, 532 S.W. 2d 727 (1976) relied upon by the majority, the court cited a case where the defendant landowners had moved to transfer an eminent domain case from circuit to chancery alleging "a complete remedy cannot be obtained in law." The motion was granted and in chancery the defendant's motion to transfer back to law was denied. On appeal, the Supreme Court said, "It is our view that equity was definitely selected as an appropriate forum and the appellants are not now entitled to lift the cause from the court they asserted to be the only one with sufficient jurisdiction to afford complete relief."

As a matter of fact, *Rice* actually held that a chancery court judgment granting the appellant immediate possession of property sought by eminent domain was subject to collateral attack because the court lacked jurisdiction. In addition to the uncertainty cast by that case, the situation in the instant case, in my judgment, is not at all like the case quoted from in *Rice*. Here, the appellants, as they had the

right to do, have nonsuited the complaint they filed for specific performance. The only cause of action left is not cognizable in equity. We are today holding that this case should be remanded for a new trial. Surely it would not be wrong to order this matter transferred to law where appellants can have a trial by jury which the Supreme Court of this state has so long recognized is their constitutional right.

CRACRAFT and CORBIN, JJ., join in this concurrence.