## ROAD IMPROVEMENT DISTRICT No. 1 v. HENDERSON.

### Opinion delivered November 6, 1922.

1. APPEAL AND ERROR—INTERLOCUTORY ORDER.—An order granting an injunction until a similar case pending in another court should be determined is interlocutory, and not final, and an appeal therefrom will not lie.

2. MANDAMUS—REFUSAL TO EXERCISE JURISDICTION.—Where the chancellor issued a temporary restraining order enjoining a road improvement district from collecting benefit assessments or penalties until a case pending in another court involving the validity of the act creating the district should be determined, the refusal to either make the order permanent or dissolve it was a failure to exercise jurisdiction, and mandamus will lie to compel proceeding with the case.

Appeal from mandamus to Hot Spring Chancery Court; *J. P. Henderson*, Chancellor; mandamus awarded.

*Wm. R. Duffie* and *L. E. Sawyer*, for appellant.

The chancery court had full authority to decide the questions before it without waiting for a decision of the Federal court. Congress has in fact expressly forbidden interference upon the part of Federal courts, except in bankruptcy matters. See Barnes' Fed. Code, sec. 1030-1031; R. S. sec. 720; act March 3, 1911c, 231, sec. 265, 36 Stat. 1162; 37 Stat. 1013.

Mandamus is the proper remedy where a trial court, awaiting the decision of another court, refuses to decide a cause. 217 U. S. 278 (54 L. ed. 762); 130 Ala. 198; 61 Tex. Crim. 68; 66 Neb. 515; 21 Calif. 419; 57 Mich. 25; 57 Calif. 247; 14 N. J. L. 467; 9 Ark. 241.

*Henry Berger* and *Mehaffy, Donham & Mehaffy*, for appellee.

It was a matter within the discretion of the chancellor to determine whether or not it would be proper to suspend sales and collections of penalties on a portion of the property until all could be reached. An appellate court can not control and ought not to coerce the discretion granted a trial court. 3 Ark. 427. See also 9 Ark. 240; 39 Ark. 126; 14 Ark. 368. The issuing of an in-

junction is not a ministerial act, but one of judicial discretion.    39 Ark. 82; 36 Ark. 613; 37 Ark. 101.

SMITH, J.    This is an original action in this court for a writ or order commanding the Honorable J. P. Henderson, chancellor of the chancery court of Hot Spring County, to take cognizance of and to render a final decree in the case of *Cooper v. Road Improvement District No. 1 of Hot Spring County.*

The petition for the writ or order contains the following allegations.    Petitioners are the commissioners of Road Improvement District No. 1 of Hot Spring County, which was created by act 16 and act 143 of the Acts of 1921 (Special Acts 1921, pages 16 and 228).

After the passage of said acts, the commissioners, in discharge of the duties there imposed on them, organized, and thereafter formulated plans for the proposed improvement, and thereafter assessed the real estate adjacent to the roads, which, according to their plans, are to be improved, with the benefits to be derived from the proposed improvement.    That, after the said district had been so organized and the betterments so assessed, W. H. Cooper and other owners of real estate within said district filed a suit in the Hot Spring Chancery Court, numbered 1504, seeking to permanently enjoin the district from collecting any benefits assessed against the lands lying in said district and from carrying out any of their plans of improvement, and it was there prayed that all assessments of benefits be declared void, and that the acts of the General Assembly aforesaid, pursuant to which the said assessments were levied, be declared unconstitutional and void.

That petitioners here (defendants there) were notified of an application for a restraining order to be heard on June 21, 1921, and on the hearing of the said application respondent herein did, on the 29th day of June, 1921, issue a temporary restraining order enjoining defendants from returning any real estate delinquent for the nonpayment of the benefits assessed against said lands.    Peti-

tioners allege that, under the acts of the General Assembly aforesaid creating said improvement district, the issuance of bonds or other evidences of indebtedness is prohibited, and the temporary restraining order operates therefore to enjoin any progress towards the completion of said improvement. That the answer was filed in the injunction suit on June 27, 1921, and both plaintiff and defendant filed numerous depositions of witnesses upon the issues raised by the pleadings, and the taking of testimony was fully completed on July 13, 1921, and the depositions were filed on July 14, 1921. That on July 14, 1921, certain corporations owning lands in said district filed interventions in said cause, adopting the complaint of the plaintiffs, and on the same date defendants filed their answers to these interventions.

That on July 14, 1921, defendants filed in said chancery court a motion to advance the hearing thereof by the chancellor because of the public interest involved, and because the said acts provide for the advancement and speedy hearing of any litigation involving said district; and on the same date defendants also filed a motion praying the dissolution of said temporary restraining order, but both of said motions were denied. That said cause was fully argued and submitted on July 14, 1921, but no final judgment has ever been rendered therein. That thereafter, on October 19, 1921, defendants in said original suit attempted to appeal said cause to the Supreme Court of the State, and on said date lodged a transcript of said cause in the Supreme Court, and that cause was numbered by the clerk of the Supreme Court as No. 7085; but on November 21, 1921, this attempted appeal was dismissed by the Supreme Court on the ground that the temporary restraining order granted by the Hot Spring Chancery Court was only an interlocutory decree and was not final or appealable. The record contained in said cause numbered 7085 is made a part of the petition herein. That thereafter, to-wit, on June 5, 1922, petitioners renewed the motion to have the

said temporary restraining order dissolved by the Hot Spring Chancery Court, but said motion was denied. That a further transcript of the entire proceedings had subsequent to the record contained in case No. 7085 is filed as a part of the petition.

That the roads designated to be improved are the principal roads of Hot Spring County, and the said acts directing their improvement provide for the advancement and speedy hearing in all courts of any litigation involving said district; but, notwithstanding the facts alleged, the respondent has refused and failed to decide the issues joined one way or the other, and has been holding the case subject to the temporary restraining order issued by himself as chancellor, and has failed and refused to decide the same or to render a final judgment or decree therein.

Wherefore petitioners pray that an order of mandamus issue from this court directing the respondent to show cause why a final decree should not be entered forthwith in said original cause No. 1504 pending in the chancery court of Hot Spring County.

To this petition respondent filed an answer containing the following recitals: Denies that he has failed or refused to act upon any petition or complaint, but says the temporary restraining order issued by him was made subject to the further order and decree of the chancery court of Hot Spring County, and to await the final hearing and decree of a cause pending in the United States District Court. That the Missouri Pacific Railway filed a suit in the United States District Court at Little Rock attacking the validity of the district and the assessment of betterments made by the commissioners, and that the said district court issued an injunction holding that the assessments were void.

That thereafter another assessment was made, and the railway filed a suit in the Federal District Court attacking the validity of that assessment; but the said district court held that the railway company was not en-

titled to an injunction or restraining order, but granted an appeal to the Circuit Court of Appeals, and pending that appeal issued a restraining order against the commissioners of the improvement district, restraining them from attempting to collect any road taxes until the final determination of the appeal. That cause is now pending in the Court of Appeals at St. Louis, and the hearing thereof is set for January 9, 1923. That the complaint of the railway company in the suit pending in the Federal court alleges, among other things, that the acts creating the improvement district were unconstitutional and void, and that the assessments against the property of the railway were arbitrary and unreasonable.

For further answer respondent says that the temporary restraining order of the Hot Spring Chancery Court was not intended to be enforced any longer than was necessary to secure a determination of the questions raised in the litigation pending in the Federal court, and that there is no intention on the part of respondent, as judge of the Hot Spring Chancery Court, to delay the case for any time except until the case pending in the Federal court can be heard and disposed of.

In the brief filed on behalf of respondent it is pointed out that the purpose of the court is merely to hold the matter in abeyance until the validity of the assessments against the railway is determined, after which respondent will finally dispose of the case pending before him. It is also pointed out in the respondent's brief that no one is enjoined from paying taxes, and any one may do so who wishes, and that the temporary restraining order issued by the chancery court only enjoins the improvement district from imposing a penalty for failure to pay and the institution of proceedings to enforce payment of assessments of benefits.

We think the chancery court has erroneously refused to exercise its jurisdiction, and that the chancellor should either make the restraining order permanent or should dissolve it, as to him seems proper. As appears

from the recitals of the petition set out above, we have already held, in this case, that the order of the court granting an injunction in the case until a similar case pending in another court shall be determined is interlocutory and not final, and that an appeal will not, therefore, lie from such order. *Road Imp. Dist. No. 1* v. *Cooper,* 150 Ark. 505. So the parties here are without remedy except by mandamus, if the court below has refused and does in fact refuse to exercise its jurisdiction.

There is no question about the chancery court's jurisdiction. The question is, whether the court below is refusing to exercise its jurisdiction.

We think the question stated must be answered in the affirmative. It is a mere play upon words to say that the court has decided all the questions presented, and that it has made no order which prevents the collection of taxes. The necessary effect of the temporary restraining order is to stay the proceedings. It is true, this order does not enjoin any one from paying taxes; but under its terms it would be a voluntary act if any one paid. If lands cannot be returned delinquent, and if penalties for delinquency cannot be imposed, and if suits to enforce payment cannot be instituted (and such is the effect of the temporary restraining order), then taxes will not be paid, so long as payment is voluntary. In other words, the authority and effect of the law is suspended so long as its penalties may not be imposed.

We think the chancellor is in error in his conclusion to await the decision of the Court of Appeals before deciding the question before him. The question presented is not one of discretion. The chancellor has a case before him, and his jurisdiction in that case is complete and undisputed. The presumption should be indulged that the Court of Appeals will itself administer the law in the case now pending before it; and the pendency of that suit is not a sufficient reason for the chancellor to refuse to exercise his jurisdiction, and the refusal to decide the case pending before him until the Federal court has acted is a refusal to exercise jurisdiction.

In Merrill on Mandamus, § 204, it is said: "When a court for any cause improperly refuses to proceed in a cause, mandamus lies to compel action. So, if for any reason a court refuses to act or entertain the question for its decision, and such duty is enjoined on it by law, a mandamus can be obtained to compel the court to consider the question. In such cases the court is required to proceed, but it is not instructed to adopt any particular conclusion or judgment. The writ has been issued to compel a court to proceed in a cause * * * * when it had refused to try the cause * * * * till a cause pending in another court was determined."

One of the cases cited in the notes to the text quoted is our own case of *Brem* v. *Arkansas County Court,* 9 Ark. 240. Another case cited is that of *Budd* v. *New Jersey R. R. & Transportation Co.,* 14 N. J. L. 467, in which case Hornblower, C. J., for the Supreme Court of New Jersey, said: "And one court has no right to deny to a party the redress to which he is entitled in that court until another court chooses to proceed in a cause which may happen, incidentally, to affect the subject-matter in controversy. It is believed that no case can be mentioned in which this court has ever ordered the proceedings in an action of debt on a bond to be stayed until a suit pending in chancery on a mortgage collateral to the bond has been determined in that court."

Another case cited is that of *Avery* v. *Superior Court of Contra Costa County,* 57 Cal. 247, the syllabus of which is as follows: "In an action for mesne profits, after a judgment in ejectment, an order was made staying proceedings pending an action in the United States Circuit Court, by the United States against the plaintiff, to annul the patent upon which his title rested. *Held,* that the judgment in ejectment established plaintiff's title to the land as against defendant, and the right to recover the rents followed, as a legal consequence; and that, the order staying proceedings not being an injunction, no appeal lies from it, and therefore mandamus is the proper remedy."

In the same volume of the California Reports, at page 427, a syllabus in the case of *Dunphy* v. *Belden, Judge,* etc., reads as follows: "A superior court has no power or discretion to refuse to try an action until judgment in another and separate action in another court of this State."

In the case of *Gilbert* v. *Shaver,* 91 Ark. 231, Justice BATTLE, for this court, said: "It has often been held that 'where a court declines jurisdiction by mistake of law, erroneously deciding as a matter of law', and not as a decision of fact, that it has no jurisdiction, and declines to proceed in the exercise of its jurisdiction, the general rule is that a mandamus to proceed will lie from any higher court having supervisory jurisdiction, unless there is a specific and adequate remedy by appeal or writ of error. *In re Grossmayer,* 177 U. S. 48; In re *Connaway,* 178 U. S. 421; *Cahill* v. *Superior Court,* 145 Cal. 42; *De La Beckwith* v. *Superior Court,* 146 Cal. 496; 26 Cyc. of Law and Procedure, 190, and a long list of cases cited."

We think the chancellor below made the mistake of law of deciding that he had the discretion to refrain from disposing of a case before him until another court had disposed of a case pending before it; and the result of this erroneous conclusion is a declination to proceed in the exercise of his jurisdiction. Mandamus will therefore lie to compel the exercise of the court's jurisdiction.

See, also, *Ex parte Trapnall,* 6 Ark. 9; *Dixon* v. *Field,* 10 Ark. 243; *McClellan* v. *Carland,* 217 U. S. 268; Spelling on Injunctions and other Extraordinary Remedies (2nd Ed.), § 1394.

It is therefore ordered that the clerk of this court issue a writ of mandamus, in accordance with the prayer of the petition.