4-5690                                            134 S. W. 2d 11

Opinion delivered December 11, 1939.

*O. D. Longstreth, Jay M. Rowland* and *Cecil C. Talley,* for appellant.

*Murphy & Wood,* for appellee.

MEHAFFY, J. On November 28, 1938, appellant, Cora Thompson, instituted this action in the Garland chancery court for the purpose of requiring the appellees, J. B. Foote and A. S. Goodwin, administrators of the estate of Nicy Morris, deceased, and against the surety on her bond, the American Surety Company of New York, to deliver to Cora Thompson, appellant, property consisting of bank deposits and government bonds, which were held in trust by the said Nicy Morris, mother

of appellant, Cora Thompson, for the said Cora Thompson, and were held in trust for the said Cora Thompson by the said Nicy Morris at the time of the death of the said Nicy Morris.

Nicy Morris, mother of appellant, had made a will disposing of her property, the fifth clause of which read as follows: "If any of the beneficiaries named in this will shall begin any proceedings to contest this, my last will and testament, then I will and direct any such person shall forfeit his or her right under this will, and he or she shall receive nothing under this will, but the part devised or bequeathed to him or her shall be divided equally among the other beneficiaries of this will."

The money of the estate was distributed and appellant, Cora Thompson, received a portion of it. She and attorneys, Jay M. Rowland and Cecil Talley, deposited the money in a bank in Hot Springs, and thereafter a writ of garnishment was issued attaching the money in the bank, and this garnishment has never been tried.

There were answers, cross-complaints and interventions, but we do not deem it necessary to set them out, as there are but two questions for our consideration. There was no evidence taken in the case, and appellants ask if they can maintain proceedings of this sort to secure the money alleged to belong to Cora Thompson. They cite the case of *Daniels* v. *Bishop Trust Co.*, 32 Haw. Rep. 167, and say it is exactly in point. While the merits of the case are not at issue in this appeal, we know of no reason why Cora Thompson might not maintain an action of this kind, or replevin, or any appropriate remedy to recover the property she claims belongs to her.

The appellants allege that they requested the court to try the garnishment suit and determine to whom this money belongs, and the court declined to do so. They appeal from that order. That order, however, was not appealable.

This court said, in the case of *Road Improvement Dist. No. 1* v. *Henderson*, 155 Ark. 482, 244 S. W. 747: "We think the chancery court has erroneously refused

to exercise its jurisdiction, and that the chancellor should either make the restraining order permanent or should dissolve it, as he sees proper. As appears from the recitals of the petition set out above, we have already held, in this case, that the order of the court granting an injunction in the case until a similar case pending in another court shall be determined is interlocutory and not final, and that an appeal will not, therefore, lie from such order.''

So in this case, according to the allegations of the appellants and order of the court, the court did not pass on the question of garnishment, and did not determine to whom the money belongs.

''We think the chancellor below made the mistake of law of deciding that he had the discretion to refrain from disposing of a case before him until another court had disposed of a case pending before it; and the result of this erroneous conclusion is a declination to proceed in the exercise of his jurisdiction. Mandamus will therefore lie to compel the exercise of the court's jurisdiction.'' *Road Imp. Dist. No. 1* v. *Henderson*, supra.

It, therefore, appears clear that where a chancellor wrongfully refuses to exercise jurisdiction, mandamus will lie to compel him to exercise jurisdiction.

The real question in the case is whether the court committed error in dismissing the case for want of prosecution. The complaint was filed on November 28, 1938, and it was dismissed for want of prosecution on April 20, 1939, practically five months later. The defendants all filed pleadings within a reasonable time and no evidence was taken, and so far as the record shows, no effort was made to get the case tried.

Section 5216 of Pope's Digest provides that in equitable proceedings depositions may be used on the trial of all issues and upon all motions in actions by equitable proceedings, except where the court otherwise directs on an issue tried by a jury.

Section 5218 of Pope's Digest provides that the court may fix the time for taking depositions, and when

no time is fixed by the court, the depositions in chief of the party having the burden, shall be completed within forty days after issue joined, and those of the opposing party, within thirty days thereafter.

Section 5221 provides that the plaintiff may commence taking depositions immediately after the service of the summons, and the defendant after filing his answer.

Appellants contend that the court dismissed the case three days after issue was joined as to three of the defendants, Robert S. Wood, A. S. Goodwin, and J. B. Foote, and before the issue was joined as to the surety company. That, however, did not prevent the appellants from beginning the taking of depositions after the complaint was filed.

It appears from the record that this case was set for trial by agreement of parties, and on the day of trial the court dismissed the case for want of prosecution. The record does not show whether appellants asked for a continuance, or showed any grounds for a continuance. They state in their argument that they wanted to take depositions in other states. That matter, of course, should have been addressed to and passed upon by the chancery court.

There are numbers of questions argued by the attorneys for both parties, but, as we view the matter, the only question before us is: Did the chancery court abuse its discretion in dismissing the case?

"As a general rule, an action may be dismissed or a non-suit granted because of the plaintiff's failure to prosecute it diligently. The power of the courts to dismiss a case because of failure to prosecute with due diligence is said to be inherent and independent of any statute or rule of court. Hence, it has been held that a suit may be dismissed if there has been a failure to have the summons issued for an unreasonable period of time after the filing of the complaint.or if, after the issuance of the summons, there has been an unreasonable and inexcusable delay in serving it. Length of time alone, however, is not a test of the staleness of a claim the

question must be determined by the facts and circumstances of each case. The court may dismiss an action for unreasonable delay upon its own motion, and in some instances it is provided by statute that the court must dismiss an action unless it is brought to trial within a specified time, except where the parties have stipulated in writing that the time may be extended.'' 17 Am. Jur., 88.

In the case of *Chalkley* v. *Henley,* 178 Ark. 635, 12 S. W. 2d 18, this court quoted from R. C. L. as follows: " 'As a court may dismiss an action for want of prosecution, so it may in its discretion vacate or refuse to vacate an order of dismissal, and such order will not be reversed by the Supreme Court on appeal, unless there has been a manifest abuse of discretion.' 9 R. C. L. 210.''

We also said in the Chalkley Case: ''Courts are bound to have some rules and to regulate the procedure. The disposing of the business in the courts would be impossible unless the trial courts had some power to regulate the procedure and to fix the time of the trial of cases. An order dismissing a case for want of prosecution, granting or refusing a continuance, setting aside an order dismissing a case for want of prosecution, will not be reversed by the Supreme Court unless there is a manifest abuse of discretion.''

In that case we cited numerous other authorities, but the record in this case does not disclose any facts indicating an abuse of discretion by the trial court. Under our statute, the appellants could have begun taking depositions practically five months before the case was dismissed. The record does not show any reasonable excuse for this delay. No motion to reinstate was filed, and no reason given for the delay.

After a careful consideration of the record, we have concluded that there was no abuse of discretion by the trial court, and the decree is, therefore, affirmed.