CHARLES M. BAKER, INDIVIDUALLY AND FOR THE USE AND BENEFIT OF ST. PAUL FIRE & MARINE INS. CO. ET AL *v.* HON. A. S. "TODD" HARRISON, JUDGE, CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

5-4984                                          445 S. W. 2d 498

Opinion delivered October 13, 1969

*Goff, Winchester & Nash;* By: *Tom Mitchell Jr.* Memphis, Tenn. and *Edward J. Rubens,* Memphis, Tenn., for petitioner.

*Hale & Fogleman,* for respondent.

FRANK HOLT, Justice. This is an original petition for a Writ of Mandamus to compel the respondent to set petitioner's case for trial at the earliest available date and thereby correct respondent's alleged abuse of discretion in ordering a continuance.

In granting a continuance, the trial court found, after consideration of the motion, the record, argument and statement of counsel, that the petitioner had sued the defendant, Heath & Scarbrough, and other parties in a Federal District Court of Tennessee; that the cause in that court against the defendant was dismissed for lack of jurisdiction; that petitioner had elected to proceed in that forum against the other defendants; that such cause was tried before a jury and a verdict was rendered against petitioner and that the cause was appealed; that petitioner's appeal is now pending in the United States Court of Appeals for the Sixth Circuit; that petitioner's cause in the state court appears to be based on the same facts, witnesses, and issues involved in the pending federal case and that the rights of the defendant will be prejudiced if this cause be tried during the pendency of that appeal. In the exercise of its discretion and based upon its findings, respondent continued petitioner's case until there is a determination of petitioner's action in the federal court. This continuance was granted at a pretrial conference on January 10, 1969. On March 4, 1969, the respondent heard petitioner's motion to rehear and set aside its order of continuance. The respondent restated its original findings and adhered to its original ruling, adding that defendant could not plead its defenses fully until after a determination of petitioner's case in the federal court.

The petitioner contends for reversal that the pendency of a similar suit in a federal court is not a legal ground for a continuance of his cause of action in our state court, citing *Road Imp. Dist. No.* 1 v. *Henderson,* 155 Ark. 482, 244 S. W. 747 (1922) and *State ex rel* v. *Nelson, Berry Petroleum Co. et al,* 246 Ark. 210, 438 S. W. 2d 33 (1969); that respondent has no discretion to order a continuance in this case, citing *Road Imp. Dist. No.* 1 v. *Henderson, supra*; that the continuance is indefinite and constitutes a refusal by respondent to exercise its jurisdiction, citing *Village Creek Drainage Dist.* v. *Ivie,* 168 Ark. 523, 271 S. W. 4 (1925), that the stay of proceedings in the case at bar is interlocutory and not appealable, and the petitioner's appropriate remedy is by mandamus to compel the respondent to exercise its jurisdiction, citing *Road Imp. Dist. No.* 1 v. *Cooper,* 150 Ark. 505, 234 S. W. 623 (1921); *Road Imp. Dist. No.* 1 v. *Henderson, supra; Thompson v. Foote,* 199 Ark. 474, 134 S. W. 2d 11 (1939); that respondent's continuance of petitioner's case is an arbitrary abuse of discretion for which the proper remedy is by writ of mandamus, citing *Edmondson* v. *Bourland,* 179 Ark. 975, 18 S. W. 2d 1020 (1929), and that mandamus is a proper remedy to prevent an irreparable injury where the later remedy by appeal shows it to be inadequate, citing *Edmondson* v. *Bourland, supra.* Although petitioner presents a persuasive and compelling argument in his analysis of these cases, we do not consider them controlling in the case at bar. Each case must be decided upon its own particular facts and circumstances.

The petitioner suffered personal injuries in August 1966 as an employee of a subcontractor on a construction project in Arkansas. In February 1967 the petitioner filed a personal injury suit in federal district court in Tennessee against the general contractor, Heath & Scarbrough Construction Company, a subcontractor (petitioner's employer), and other defendants. The petitioner's original and amended complaint and the defendants' answers joined various allegations of negli-

gence. In March 1967 the general contractor was dismissed from the action by the federal court on the basis that the court was without jurisdiction. In March 1968, or a year later, the petitioner refiled his present action against the general contractor in the Crittenden Circuit Court. In July 1968 a judgment was entered on a jury verdict in the federal court action wherein the issues were found against the petitioner. The petitioner appealed and this appeal is now set for a hearing on October 14, 1969, in the Sixth Circuit Court of Appeals.

An order granting or refusing a continuance will not be set aside unless there is a manifest abuse of discretion. *Newsom* v. *Reed*, 177 Ark. 177, 6 S. W. 2d 10 (1928) and *Thompson* v. *Foote*, 199 Ark. 474, 134 S. W. 2d 11 (1940).

It is true that mandamus is proper where the lower court wrongfully refuses to exercise jurisdiction. *Thompson* v. *Foote, supra.* However, the writ of mandamus will not issue to control the judicial discretion of an inferior court, nor can the writ be used to correct an erroneous exercise of discretion. *State ex rel Attorney General* v. *Nelson, supra.* It is well settled that whether a continuance is granted or refused is largely a matter within the sound discretion of the trial court. *Phillips* v. *Nowlin*, 238 Ark. 480, 382 S. W. 2d 588 (1964) and *Andrews* v. *Lauener*, 229 Ark. 894, 318 S. W. 2d 805 (1958).

The trial court obviously was not persuaded to grant the continuance merely because of a similar suit pending in federal court. This alone would be insufficient. The additional basis for the continuance was the court's finding that the defendant would be prejudiced and could not fully plead its defenses if petitioner's cause were tried during the pendency of petitioner's appeal in the other forum. The prejudice to defendant could involve its right to join third parties and avail itself of certain defenses, in the event of a reversal in

the federal forum. It must be said there appears to exist in both forums an identity of the relief sought, the facts and circumstances seem similar, and common issues also exist. The petitioner is the only plaintiff in both forums. He is largely in control of his litigation in the federal action where the issue has progressed from a trial proceeding to the appellate status.

Each trial court must be allowed wide discretion and latitude in the control of its own docket. The granting or refusal of a continuance in each case must be determined upon its own particular facts and circumstances. Since the court found that, in addition to the pendency of petitioner's appeal in another forum, the rights of the defendant would be prejudiced at this juncture of both proceedings, we cannot say that the respondent manifestly and arbitrarily abused its discretion as asserted by the petitioner.

Writ denied.

FOGLEMAN, J., disqualified and not participating.