Naylor *v.* Goza, Judge.

5-2151                                    338 S. W. 2d 923

Opinion delivered October 10, 1960.

*Lightle & Tedder,* for petitioner.

*James C. Cole* and *Gerald W. Scott,* for respondent.

Carleton Harris, Chief Justice. This is an action wherein petitioner, Wanda A. Naylor, seeks a Writ of Mandamus, directed to the Grant County Chancery Court.

On January 2, 1958, G. C. Naylor filed suit for divorce in the Grant Chancery Court against Wanda A. Naylor, on grounds of three years continuous separation. Mrs.

Naylor, a resident of Baltimore, Maryland, employed Mr. Sid Reid, an attorney of Sheridan, to represent her, and Mr. Reid filed an answer and moved for an order allowing attorney's fees and suit money. In compliance with this motion, the court entered its order allowing a total of $50. Mr. Reid subsequently died, and Mrs. Naylor employed her present attorneys to represent her. Thereafter, the discovery deposition of Naylor was taken, and Mrs. Naylor filed a cross-complaint, seeking a decree of separate maintenance; also, she sought temporary maintenance, suit money, and attorneys' fees *pendente lite*. The Court, on May 8, 1959, entered an order allowing $100 as suit money and $100 as attorneys' fees. Depositions of Mrs. Naylor and four others were taken in Baltimore.

On September 17, 1959, Naylor entered a voluntary non-suit, and on the same day, filed a new complaint for divorce, based upon the same grounds, but designating a different period of time in alleging the three years separation. On October 9th, attorneys for the two parties (following a letter written by petitioner's attorney in which he advised Naylor's counsel that he would be present in court on that date) appeared before Judge Goza, and according to the petition for writ filed by petitioner,

"requested the court to hear the merits of the cross-complaint, that being the only undisposed matter remaining in the original suit. In support thereof, Mrs. Naylor offered in evidence the deposition in chief of herself, her daughter, Mrs. Carolyn Alice Hoare, and three others. The court orally refused to allow the introduction of any evidence and declined to hear the merits of the cross-complaint. * * *

"That the court has refused to enter a formal order in accordance with its rulings allowing the plaintiff's nonsuit or its refusal to hear the cross-complaint, or to set a date certain for a hearing of the merits thereon.

"As a result of the action of the court, Mrs. Naylor has been unable to obtain a hearing of the merits of the cross-complaint, to obtain a specific setting for such a hearing, or to obtain an order of the court setting forth its rulings

from which an appeal could be taken, and has, therefore, been deprived of her legal and equitable rights.''

The court apparently did enter an order requiring Mr. Naylor to pay into the registry of the court $35 per week temporary maintenance, though this order does not appear in the transcript[1].

In her brief, petitioner states the issues to be:

'' (a) whether or not plaintiff could effectively dismiss his complaint and thereby deprive the court of jurisdiction of defendant's cross-complaint and, at the same time, deprive cross-complainant of a hearing in that case, and (b) whether or not the plaintiff could effectively dismiss his complaint in the original cause of action, and file an identical cause of action, before the cross-complaint had been disposed of and before the court had acted upon the plaintiff's attempt to dismiss.''

The record does not reflect that respondent considered the nonsuit taken in the first case (No. 1533), to be applicable to the cross-complaint, and in fact, as already pointed out, an order for temporary support was apparently entered in this case, and such order was made after Naylor's taking of the non-suit. As to point (b), we are not here concerned with this question in the proceeding before us. The sole question is whether mandamus will lie, and the prayer of the petition is that this Court issue a writ of mandamus directing the Chancellor ''to execute and cause to be filed orders in conformity with his oral rulings'' made on October 9th.

As stated in Corpus Juris Secundum, Vol. 55, § 114, p. 183:

''The general rules governing mandamus apply in actions for divorce. Mandamus may lie to compel the court in divorce proceedings to hear and decide the cause and enter a decree unless there is an adequate remedy by appeal; * * *.''

Also, in § 53, p. 88:

---

[1] The petition indicates that Naylor had, at least part of the time, paid this amount voluntarily.

"Since * * * the purpose of a writ of mandamus is not to establish a legal right but to enforce one which has already been established, it is essential to the issuance of the writ that the legal right of plaintiff or the relator to the performance of the particular act of which performance is sought to be compelled must be clear, specific, and complete, or, as otherwise stated, plaintiff or the relator must have a clear and certain legal right to the relief or remedy sought by the writ; and, according to some decisions, the right to the writ must be clear, undoubted and unequivocal, so as not to admit of any reasonable controversy."

See also *State* v. *Board of Directors, School District of Ashdown*, 122 Ark. 337, 183 S. W. 747. The record before us is rather incomplete, *i. e.*, many pertinent questions remain unanswered. For instance, the petition states that certain oral rulings were rendered; if these rulings were recorded by the court reporter, then, of course, there is a record, and petitioner is afforded the remedy of appeal. On the other hand, if the rulings were not recorded, a writ from this Court directing the Chancellor to reduce his findings and orders to writing, would be improper, since the then Chancellor recently passed away, and the present occupant of this judicial office would have no way of knowing the nature of the rulings rendered by his predecessor. The petition of Mrs. Naylor further states that her attorneys prepared precedents, embodying their interpretation of the court's rulings on that date, and forwarded same to the court for its approval; though petitioner states that copies of these proposed orders are attached to the petition, a search of the transcript fails to reveal these copies. Be that as it may, we have no right to direct the Chancellor to sign a particular precedent unless it be clearly established that such precedent correctly reflects that court's rulings. Certainly, there is no "clear, undoubted, and unequivocal" right to the writ shown by this record.

Actually, from remarks of counsel during oral argument, it appears that petitioner is really complaining that she is unable to obtain a trial. While it is true that the cause has been pending for some time, there is nothing in

the petition or accompanying exhibits which suggests that petitioner has sought to have the case set for hearing on its merits, other than the oral request which was made on October 9th. The proceedings on that date were not at the direction of the court; *i.e.,* the matter was not set for hearing, and Naylor's counsel was only present because of the notice from petitioner's attorney, advising that the latter would seek some sort of relief at that time. Courts, of course, and properly so, set their dockets and arrange dates for contested matters that will not conflict with other court business.

As was stated in the citation from Corpus Juris Secundum, mandamus will lie to compel the court to hear, and decide the cause in divorce proceedings, but there is nothing contained in the record before us which establishes that the court has arbitrarily refused to hear the case. Of course, Mrs. Naylor is entitled to a trial, and we are confident that if counsel for petitioner will request the Grant Chancery Court to set this cause down for hearing on its merits, on a day certain, the request will be complied with, and the litigation can be disposed of promptly and expeditiously.

Writ denied.