Kenneth TYSON *v.* Paul K. ROBERTS, Circuit Judge

85-185                                                            700 S.W.2d 50

Supreme Court of Arkansas
Opinion delivered December 9, 1985

*Hani W. Hashem*, for petitioner.

*John R. Byrd*, for respondent.

GEORGE ROSE SMITH, Justice. This is a petition for a writ of mandamus to direct Circuit Judge Paul K. Roberts to set aside an order transferring this litigation to the chancery court and to direct him to assume jurisdiction of the case. The writ must be denied, because mandamus is not the proper remedy in the situation presented to us in this case. Our jurisdiction arises under Rule 29(1)(f).

In August, 1984, Ray McNeice sued the petitioner, Kenneth Tyson, in the Ashley Chancery Court, seeking an accounting. The complaint alleged that McNeice had hired Tyson, a contractor, to construct improvements to McNeice's home, but Tyson

had fraudulently overcharged McNeice for various items of labor and materials. The prayer was that Tyson be compelled to account, and produce supporting documents, for all money spent on the job. Tyson's answer and counterclaim alleged that the contract price had been $43,252.90, that Tyson had performed the contract with extras, and that McNeice owed Tyson $4,806.61, plus damages for injury to Tyson's credit standing. Tyson later amended his counterclaim to ask for punitive damages for McNeice's malicious prosecution of the case, slanderous statements about Tyson's workmanship, damage to his reputation, and so on.

In March, 1985, Tyson moved that the case be transferred to circuit court, asserting that the accounts were not complicated and that Tyson was entitled to a jury trial of his claim for punitive damages. The chancellor, over McNeice's objection, granted the motion to transfer. McNeice promptly obtained from the circuit court an order retransferring the case to chancery, with a finding by the circuit judge that the accounts were complicated, that expert testimony by accountants would be required, and that a court of equity could grant complete relief.

At this point Tyson filed his petition in this court for a writ of mandamus to compel the circuit judge to set aside his order and assume jurisdiction of the case. The petition asks alternatively that if we find the issues sufficiently complicated to require an equitable accounting, Tyson's tort claims should be severed and allowed to proceed in circuit court. Counsel have submitted briefs under Rule 16.

■ The petition for mandamus must be denied, for it is not the petitioner's proper remedy. We have repeatedly held that mandamus will not issue to review or control a trial court's exercise of discretion. *Ellis* v. *Rockefeller*, 245 Ark. 53, 431 S.W.2d 848 (1968); *Rolfe* v. *Spybuck Drainage Dist. No. 1*, 101 Ark. 29, 140 S.W. 988 (1911). The writ cannot be used to correct an erroneous exercise of discretion or to compel the trial court to change such a ruling. *Pickens* v. *Circuit Court of Prairie County*, 283 Ark. 97, 671 S.W.2d 163 (1984); *Baker* v. *Harrison*, 247 Ark. 377, 445 S.W.2d 498 (1969). "We can issue the writ to require a trial judge to hear a case, but we cannot tell him how to decide it." *Massey* v. *Enfield*, 259 Ark. 85, 531 S.W.2d 706

(1976).

A situation similar to the case at bar was considered in *Ark. General Utilities Co.* v. *Smith*, 188 Ark. 413, 66 S.W.2d 297 (1933). There the case was filed in circuit court, transferred to chancery, and then retransferred to law. Just as in the case at hand a petition for mandamus was then filed in this court, asking that the chancellor be directed to assume jurisdiction again. We denied the writ, saying:

> Either the chancery court or the circuit court may, within its judicial discretion, determine whether it has jurisdiction, and this judicial discretion will not be controlled by mandamus. Of course, if neither the chancery court nor the circuit court would assume jurisdiction, then the writ will be issued to compel either the chancery court or the circuit court to assume jurisdiction.

The situation suggested in that opinion, in which both courts refuse to act, seems to have arisen only once in Arkansas. *Burton* v. *Ward*, 218 Ark. 253, 236 S.W.2d 65 (1951). There both trial judges refused to try the case, insisting that the other court had jurisdiction. Separate petitions for mandamus were filed in this court against each judge. We consolidated the two petitions and resolved the impasse by holding that the case should be tried in the chancery court.

In the case at bar an exercise of discretionary judgment is plainly involved in the determination of jurisdiction. This is not a simple action for breach of contract, as Tyson insists. It is indicated that the $43,000 home improvement job involved many different items of expense for materials and labor. McNeice alleges that some charges were fraudulent and should be supported by documentation. Tyson filed a counterclaim, so that the accounts are mutual and interwoven. Whether a jury could sort them out is by no means clear. No matter which court tries the case, the issue of jurisdiction can be preserved for review by appeal, as in *Humke* v. *Taylor*, 282 Ark. 94, 666 S.W.2d 394 (1984). Moreover, as Tyson suggests, if the case is tried in chancery, and Tyson prevails, his tort claim might be severed for a later trial in the circuit court. *See Spitzer* v. *Barnhill*, 237 Ark. 525, 374 S.W.2d 811 (1964).

We conclude that mandamus is not appropriate, that writ being issued only when the facts are undisputed and no discretionary action is involved.

Writ denied.

PURTLE, J., not participating.