Dorothy White TONEY, Administratrix of the Estate of Carl Lehman White, Jr. (Deceased) *v.* Carolyn S. WHITE

CA 89-224                                      787 S.W.2d 246

Court of Appeals of Arkansas
En Banc
Opinion delivered April 11, 1990

*Bridewell & Bridewell*, by: *Laurie A. Bridewell*, for

appellant.

*Robert D. Avery, Ltd.*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Probate Court of Chicot County. It involves the estate of a domiciliary of Arkansas who died intestate on November 11, 1987. During his lifetime the deceased invested in two certificates of deposit in the State of Louisiana — one in his name and that of his daughter, Dorothy White Toney, appellant, and one in his name and the name of Ms. Toney's daughter. The deceased also had two other daughters, Carolyn S. White, appellee, and Judy Richmond. After her father's death, appellant had the proceeds of the two Louisiana certificates of deposit transferred to her account in Georgia.

Appellant, on November 25, 1987, was appointed administratrix of the estate by an Arkansas probate court. In the inventory submitted February 16, 1988, she did not list the two Louisiana certificates of deposit as assets of the estate. Appellee, on July 5, 1988, filed her objections to the inventory and on November 9, 1988, sued appellant in Louisiana for one-third of the money. Following a hearing held December 19, 1988, the probate court, stating that a suit was pending in Louisiana which "will determine whether or not the two certificates of deposit, the subject of this action, is to be included in the inventory of the Estate," ordered the estate to be left open until the case was decided in Louisiana.

Appellant raises the following two points for reversal:

I.

DID THE ARKANSAS PROBATE COURT ERR IN HOLDING THAT LOUISIANA'S SUBSTANTIVE LAW APPLIED IN DETERMINING WHETHER JOINTLY HELD CERTIFICATES OF DEPOSIT IN A LOUISIANA DEPOSITORY AT THE DEATH OF AN ARKANSAS RESIDENT CO-OWNER ARE OWNED BY THE DECEASED'S ESTATE OR BY THE SURVIVING GEORGIA RESIDENT CO-OWNERS?

## II.

### DID THE ARKANSAS PROBATE COURT ERR IN STAYING PROBATE PROCEEDINGS PENDING A DECISION OF A LOUISIANA COURT IN A LAWSUIT COMMENCED NEARLY ONE YEAR AFTER THE ARKANSAS PROBATE WAS BEGUN AND IN WHICH THE ESTATE WAS NOT MADE A PARTY?

We, however, do not reach the merits of these arguments because the order of the probate court is not a final order.

■■ Even though the parties to this litigation do not raise the issue of the finality of the order, it is a jurisdictional question which the appellate court has the right and duty to raise in order to avoid piecemeal litigation. *Morgan* v. *Morgan*, 8 Ark. App. 346, 652 S.W.2d 57 (1983). For an order to be appealable, it must in some way determine or discontinue the action. Ark. R. App. P. 2. It must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy in order to be final. *Taylor* v. *Taylor*, 26 Ark. App. 31, 759 S.W.2d 222 (1988).

■ Although the chancellor's order in this case indicates the direction in which he will rule in the future, it does not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter which is in controversy. It, therefore, is not a final order, and the appeal is dismissed. Even so, we deem it appropriate to note that the essence of the relief appellant is seeking by way of this appeal is akin to that which would be requested by way of a petition for a writ of mandamus. *See Baker* v. *Harrison*, 247 Ark. 377, 445 S.W.2d 498 (1969); *Naylor* v. *Goza*, 232 Ark. 515, 338 S.W.2d 923 (1960); *Road Improvement Dist. No. 1* v. *Henderson*, 155 Ark. 482, 244 S.W. 747 (1922).

Dismissed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the holding by the majority that there is no appealable order in this case and the attempted appeal should be dismissed.

The majority opinion states that the order sought to be appealed is not appealable because "it does not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." Rule 2 of the Rules of Appellate Procedure sets out nine separately numbered types of orders of a circuit, chancery, or probate court which may be appealed, and I think the majority has failed to give effect to the second provision of Rule 2 which allows an appeal from:

> 2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action.

In *Robinson* v. *Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987), the appellee brought suit for damages resulting from an illegal arrest by the appellant sheriff. Appellant's defense was "good faith" or qualified immunity. The trial court denied the appellant's motion for summary judgment. The Arkansas Supreme Court held that "generally the denial of a motion for summary judgment is a nonappealable order," but since there would be no further proceedings if the appellant was entitled to the claimed immunity, the refusal to grant the motion for summary judgment amounted to a denial of appellant's claimed defense "which would have, if allowed, discontinued the action." Therefore, citing the second provision of Appellate Procedure Rule 2 as its authority, the supreme court considered the merits of the trial 'court's denial of appellant's motion for summary judgment.

In *Omni Farms* v. *A P & L Co.*, 271 Ark. 61, 607 S.W.2d 363 (1980), the appellant's motion to dismiss the appellee's condemnation suit was denied by the trial court and appellant appealed. The appellee asked the Arkansas Supreme Court to dismiss the appeal because the order was not appealable. The supreme court said the appellee had conceded in oral argument that if construction was allowed to proceed it would be impossible to restore appellant's land to its previous condition in the event it was held on appeal that the appellee did not have the right to condemn. Therefore, it was held that the trial court's order denying appellant's motion to dismiss the condemnation suit "must be regarded as appealable because otherwise the order would divest a substantial right in such a way as to put it beyond the power of

the court to place the party in its former condition." 271 Ark. at 63.

In *Purser* v. *Corpus Christi State National Bank*, 256 Ark. 452, 508 S.W.2d 549 (1974), the appellant filed a counterclaim and setoff in response to a petition seeking to register a foreign judgment against appellant. The trial court dismissed the counterclaim and setoff, and the appellant appealed. The Arkansas Supreme Court held that under the general rule this would not be a final order but under the circumstances of the case, it was an appealable order because it had the effect of a final order. The court said "in determining what constitutes a final order, the requirements of finality must be given a practical rather than a technical approach," and because any relief to which appellant might be entitled in the Arkansas courts would be effectively foreclosed by the dismissal of the counterclaim and setoff, the order of dismissal was held to be an appealable order.

In *Hoggard & Sons* v. *Russell Burial Association*, 255 Ark. 576, 501 S.W.2d 613 (1973), the trial court sustained demurrers to the complaints filed by the appellant but did not dismiss them. The trial court's action was based on a finding that the court had no jurisdiction because the appellant had not exhausted its administrative remedies. The supreme court said the sustaining of a demurrer was ordinarily not an appealable order unless the plaintiff elected to stand on the demurrer and the complaint was dismissed. However, the court said the record in the case before it showed that the trial court considered matters not appearing on the face of the demurrers and, therefore, they should be treated as motions to dismiss. Thus, the order sustaining the demurrers was "tantamount to a dismissal" and because this would "effectively terminate the action" the trial court's order was a final, appealable order. *See* 255 Ark. at 579-80.

In *Safeway Stores* v. *Shwayder Brothers*, 238 Ark. 768, 384 S.W.2d 473 (1964), the trial court sustained a motion to quash the summons served on the appellee. The supreme court said that the argument could be made that this was not an appealable order because the complaint had not been dismissed and a new summons could be obtained; however, this argument did not apply as the summons was quashed because the trial court held that the legislative act which authorized the summons to be issued

was unconstitutional. Therefore, the supreme court said the only relief available to appellant was to appeal and "in that respect the trial court's order was final and appealable." *See* 238 Ark. at 771.

In the instant case, the administratrix of an estate is attempting to appeal from an order made by the probate court of Chicot County, Arkansas. The issue in the probate court is whether two certificates of deposit issued by a savings and loan association in Louisiana belong to the estate of the deceased who died in Arkansas where the probate of his estate is now pending. A suit is pending in Louisiana by one of the deceased's daughters against another daughter of the deceased, but the administratrix of the estate of the deceased is not a party to that suit. Therefore, the suit in Louisiana cannot decide whether the certificates of deposit belong to the estate of the deceased. Moreover, in addition to the fact that the savings and loan association is not even a party to the Louisiana suit, the daughter who is the defendant in that suit had the proceeds of the certificates of deposit transferred to that daughter's account in a bank in Georgia before the suit was ever filed in Louisiana. It should also be noted that the issue of the estate's ownership of the certificates was raised by the filing of objections to the inventory of the estate which did not list the certificates as assets of the estate. The objections were filed in the Chicot Probate Court by the same daughter who later filed the suit in Louisiana.

Faced with the factual situation outlined above, the probate court of Chicot County entered the order from which the administratrix is attempting to appeal in the present matter. The exact finding and order from which the appeal is taken reads as follows:

> The Court further finds that the Estate is to remain open pending the decision of the Courts in Louisiana, upon a case which has been commenced in that State. The decision of the Court in Louisiana will determine whether or not the certificates of deposit, the subject of this action, is to be included in the inventory of the Estate.

I submit the above order is an appealable order under the factual circumstances of this case. The cases of the Arkansas Supreme Court discussed above clearly show that where an order effectively determines a matter, the order will be treated as

appealable under Appellate Procedure Rule 2(a)(2) which provides that an order is appealable if it "in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." It is also clear to me that the order from which the administratrix is attempting to appeal has effectively determined the issue pending in the probate court by either preventing a judgment from which an appeal might be taken or by discontinuing the action in that court on that issue. Therefore, under the authority of the cases discussed above, I would hold that there is an appealable order in this case.

Specifically, I would hold that the probate court erred in holding that the estate will remain open until the decision of the court in the pending case in Louisiana is made and that the decision of that court will determine whether the proceeds of the certificates of deposit are to be included in the inventory of the estate. I would find that holding to be erroneous and would remand this matter with directions that the Chicot Probate Court determine for itself whether the proceeds belong to the estate. I would not, however, tell the court what law it should use in making that determination because that is a conflict of laws question that may involve factual considerations that will have to be made by the trial court at the time its decision on the estate's interest in the proceeds is made.

In finding that this appeal should be dismissed, the majority opinion suggests that the appellant's relief is by petition for writ of mandamus. This suggestion is apparently made in recognition of the fact that under the existing circumstances the decision of the case pending in Louisiana, to which the administratrix is not a party, will not be binding on the estate. The majority probably also recognizes that the court in Louisiana—as soon as it realizes that the money is in Georgia, the estate is in probate in Arkansas, and neither party to the case lives in Louisiana—is very likely to dismiss the matter without prejudice and let the parties find some place in which to litigate that has some connection with the issue involved. However, I also think the majority's suggestion that mandamus can afford relief is based upon an erroneous assumption.

Three cases are cited by the majority as authority for the suggestion that a writ of mandamus might properly be issued in

this case. The first case, *Baker* v. *Harrison*, 247 Ark. 377, 445 S.W.2d 498 (1969), denied the petition for writ of mandamus. The supreme court said the trial court had granted a continuance until a case in federal court, involving the same parties and the same issues, was decided; that the trial court had found that prejudice could result to the defendant if the continuance was not granted; and that the trial court had wide discretion in the control of its docket. The court held that mandamus should not issue to control the discretion of the trial court unless there was a manifest abuse of that discretion. The second case, *Naylor* v. *Goza*, 232 Ark. 515, 338 S.W.2d 923 (1960), denied the petition for writ of mandamus because the court found nothing in the record to establish that the writ was needed to compel the trial court to hear and decide the case pending before it. The supreme court said "we are confident that if counsel for petitioner will request the . . . Court to set this cause down for hearing on its merits, on a day certain, the request will be complied with . . . ." The third case, *Road Improvement District No. 1* v. *Henderson*, 155 Ark. 482, 244 S.W. 747 (1922), was a case in which the supreme court granted a writ of mandamus directing a trial judge to decide a pending case without waiting until a case pending in federal court had been determined. The opinion states:

> We think the chancellor below made the mistake of law of deciding that he had the discretion to refrain from disposing of a case before him until another court had disposed of a case pending before it; and the result of this erroneous conclusion is a declination to proceed in the exercise of his jurisdiction. Mandamus will therefore lie to compel the exercise of the court's jurisdiction.

155 Ark. at 489.

These cases, cited by the majority as authority that mandamus may be the proper remedy in the instant case, are cases where the trial judge was simply waiting for something else to occur before deciding the case before him. However, that is not the situation here. The judge here was not waiting until some other event occurred before he decided whether the certificates of deposit (or the proceeds thereof) belonged to the estate. The judge here said in his order that "The decision of the Court in Louisiana will determine whether or not the certificates of

deposit, the subject of this action, is to be included in the inventory of the Estate." So, the judge was not simply waiting for the case in Louisiana to be decided before he decided the case in Arkansas. This judge has *decided* and *ordered* that the decision of the court in Louisiana *will determine* this case in Arkansas. Mandamus "to compel the exercise of the court's jurisdiction" is not what is needed in this case. The court *has* exercised its jurisdiction. What is needed here is an appellate court decision saying the trial court erred in holding that the decision in Louisiana would decide this case. That is not properly accomplished by the issuance of a writ of mandamus but by a decision on the appeal before us.

As a practical matter, under Rule 29(1)(f) of the Rules of the Supreme Court and Court of Appeals, cases for mandamus directed to a circuit or chancery court must be filed in the supreme court. *See Tyson* v. *Roberts*, 287 Ark. 409, 700 S.W.2d 50 (1985). Thus, even if mandamus would afford appellant proper relief, this court cannot treat this appeal as a motion for writ of mandamus. Appellant may, of course, file a petition with the Arkansas Supreme Court asking that court to review our decision. *See* Rule 29(6). That petition may ask the supreme court to reverse our holding that there is no appealable order in this case and, apparently, may ask in the alternative that the supreme court treat the petition for review as a petition for writ of mandamus. I also assume the appellant may ask only for review of our decision, and if review is not granted, or if this court's decision is affirmed, appellant could then file a petition with the supreme court asking for mandamus. While all this legal maneuvering may as a practical matter eventually afford appellant relief from the impossible situation with which she is now faced, the legally correct, and by far the most procedurally simple, route to take would be to reverse the trial court's decision and remand this matter for that court to determine whether the proceeds of the certificates of deposit are to be included in the inventory of the assets of the estate.

COOPER, J., joins in this dissent.