

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-394

CASEY KINES

APPELLANT

V.

JARED MCBRIDE

APPELLEE

Opinion Delivered January 25, 2017

APPEAL FROM THE SALINE COUNTY CIRCUIT COURT
[NO. 63DR-13-1230]

HONORABLE ROBERT HERZFELD, JUDGE

DISMISSED WITHOUT PREJUDICE

## LARRY D. VAUGHT, Judge

Casey Kines appeals from an order entered by the Saline County Circuit Court, denying her motion to relocate. We dismiss the appeal without prejudice for lack of a final, appealable order.

Kines and Jared McBride were married on June 2, 2001. They have two sons, A.M., born August 8, 2008, and W.M., born February 16, 2010. Kines filed for divorce in October 2013, and the parties' divorce decree and property-settlement agreement (PSA) was entered on December 5, 2013. The PSA provided that "[t]he parties will have joint legal custody, subject to reasonable visitation with each parent, with Wife being primary physical custodian. . . . The parties shall jointly confer on all major issues regarding the minor children. If the parties disagree, Wife's determination shall be final." The PSA further provided that Kines would have custody of the children from Sunday at 5:00 p.m. to Wednesday when she dropped them off at school. McBride would have custody of the children beginning Wednesday after

school until Friday morning when he dropped them off at school. The PSA provided that the parties would alternate weekends and holidays with the children. The PSA also stated that

> [t]he parties shall give each other timely notice of their intent to move more than 60 miles from their current residences. Upon notice the parties shall discuss what changes need to be made regarding visitation with each parent. Should the parties fail to agree to new visitation terms, either party may petition the Court for relief.

Finally, the PSA provided that neither party would pay child support because they had "near equal" income and time with the children.

On January 15, 2015, Kines filed a motion to relocate, advising the circuit court that she planned to remarry in February 2015 and seeking court permission to move to Memphis, Tennessee. She alleged that her fiancé resided and was employed in Memphis and that she had "substantial business interests and opportunities to expand her business" in Memphis. She stated that her desire to relocate was a material change in circumstance that would benefit the children and that it was in their best interest to relocate there.

McBride filed a response objecting to the proposed relocation. He also filed a counterclaim seeking primary custody of the children. He alleged that his counterclaim was supported by material changes in circumstances and that it was in the children's best interest to remain in Hot Springs and be placed in his custody.

A hearing was held on August 7, 2015,[1] after which the circuit court entered a preliminary ruling finding that the parties shared joint custody of the children; the standard set

---

[1]We note that the transcript of the August 7, 2015 hearing is not in the record and is not abstracted. Based on these deficiencies, had we reached the merits of this appeal, we would have been required to order rebriefing so that the record could be supplemented with the hearing transcript and the transcript could be abstracted. Ark. R. App. P.–Civ. 6(e) (2016); Ark. Sup. Ct. R. 4-2(a)(5) (2016).

forth in *Singletary v. Singletary*, 2013 Ark. 506, 431 S.W.3d 234, applied; the standard set forth in *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003), did not apply; and Kines had the burden of showing that it was in the best interest of the children to move to Memphis, Tennessee.

A hearing on Kines's motion to relocate was held on November 12, 2015. The circuit court entered an order on March 11, 2016, denying the motion and finding that Kines had failed to prove that the relocation was in the children's best interest. This appeal followed.

On appeal, Kines argues that the circuit court erred in denying her motion to relocate. Specifically, she contends that the court erred in concluding that the parties shared joint custody of their children and in applying *Singletary* instead of *Hollandsworth*. We are, however, unable to reach the merits of Kines's appeal.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Ark. R. App. P.–Civ. 2(a)(1) (2016); *Fell v. Fell*, 2014 Ark. App. 627, at 2. When the order appealed from is not final, this court will not decide the merits of the appeal. *Fell*, 2014 Ark. App. 627, at 2. Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.* For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* at 2–3. When the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.* at 3. Even though an issue on which a court renders

a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Id.*

While "[a]ll final orders awarding custody are final appealable orders," Ark. R. App. P.−Civ. 2(d) (2016), the order from which Kines appeals fails to address or resolve a custody matter. The order merely denied Kines's motion to relocate. It did not dispose of or even mention the custody issue raised by McBride in his counterclaim. In its oral findings, the circuit court specifically stated that it was not addressing the custody issue.

> [I]t is okay if she wants to move to Memphis but she cannot take the kids with her. . . . I do not think it is right for me to decide whether or not to change custody to [McBride]. So I am not going to consider that motion at this time.

Therefore, Kines has not appealed from a final, appealable order. *Hobbs v. Vaughan*, 2015 Ark. App. 318 (dismissing without prejudice for lack of jurisdiction because the order from which the appellant appealed that denied her motion to relocate failed to address or resolve the custody matter raised by the appellee). Accordingly, we must dismiss this appeal, without prejudice, for lack of jurisdiction.

Dismissed without prejudice.

VIRDEN and HIXSON, JJ., agree.

*Wagoner Law Firm, P.A.*, by: *Jack Wagoner III* and *Angela Mann*, for appellant.

*Steel, Wright, Collier, PLLC*, by: *Nate Steel*, for appellee.