BART F. VIRDEN, Judge
Kenneth J. Clark appeals the Carroll County Circuit Court's order that two trust assets must be reappraised and the assets of the trust redistributed accordingly. We dismiss without prejudice for lack of a final order.
In 1997, Kenneth B. Clark and Melva Clark, husband and wife, executed a trust and named their four children, Kenneth J. Clark (Kenneth J.), Melva Jean Summers, Cora A. Clark, and Barbara R. McClenathan, as beneficiaries. The trust named Kenneth J. as the successor trustee upon the death of both parents. The trust owned a one-half interest in a 360-acre tract of land (parcel 1) and full interest in a 100-acre tract of land (parcel 2). The value of these assets is the crux of the parties' dispute.
In 2012 Melva Clark died, and pursuant to the language of the trust, the decedent's share of parcel 1 was transferred into the surviving grantor's "survivor's trust." Kenneth J. and his father drew up an agreement that, for the purpose of transferring the asset to the survivor's trust, set the value of parcel 1 at $180,000.
In 2013, Kenneth B. Clark passed away. The trust directs that on the death of both grantors, Kenneth J. shall distribute the interest in parcel 1 to himself and his wife, Peggy Clark. The trust also sets forth that
[t]he Trustee shall determine the value of the property being distributed to KENNETH J. CLARK and PEGGY CLARK as set forth in paragraph C above [parcel 1]. The Trustee shall then pay an equal sum to MELVA JEAN SUMMERS, CORA A. CLARK, and BARBARA R. McCLENATHAN. Any remaining assets shall be divided into *513 four (4) equal shares and distributed in equal shares to each of the four (4) children per stirpes. It is the intention of the Grantors to make equal gifts to their children except that Kenneth Jay Clark is to receive specific property.
Upon his father's death, Kenneth J. paid the trust $180,000 for parcel 1 and distributed the proceeds of the transfer to himself and each of his siblings. Each of the four beneficiaries received $45,000. Kenneth J. decided to purchase parcel 2 from the trust as well, and he had it appraised. The value of parcel 2 was estimated to be $240,000. Kenneth J. sold the parcel to himself and distributed a one-quarter share of the proceeds-$60,000-to each of his siblings and to himself.
Summers filed a motion for declaratory judgment in which she alleged that Kenneth J. undervalued parcel 1 and parcel 2, which resulted in distribution of a larger portion of the trust assets to himself. Summers requested that the circuit court require a new appraisal of parcel 1 by a mutually agreed-upon appraiser, that the circuit court order Kenneth J. to repay the trust for the unequal distribution of assets from the sale of parcel 1 to himself, that the circuit court cancel the sale of parcel 2 and refund Kenneth J. the money, and that the circuit court require Kenneth J. to distribute the trust property equally to all four beneficiaries.
On April 7, 2017, after a hearing in which the parties presented evidence regarding the value of the land and argument regarding the language of the trust, the circuit court entered an order. The circuit court found that the intent of the trust was to equally divide the assets of the trust to the grantors' four children and that Kenneth J. breached his fiduciary duty as trustee by not properly valuing parcel 1. The circuit court also found that it was impossible to determine the value of the parcels based on the testimony, and it ordered new appraisals performed by an agreed-upon appraiser.
On appeal, Kenneth J. asserts that the circuit court erred by ruling that he breached the terms of the trust and breached his fiduciary duty by valuing parcel 1 at $180,000 and that the circuit court erred by ordering new appraisals of the property. Kenneth J. argues that the trust allows him to determine the value of the assets and that adequate consideration is not required for the distribution of assets.
We must first address the preliminary issue of whether this appeal involves a final, appealable order. When the order appealed from is not final, this court will not decide the merits of the appeal. Kines v. McBride , 2017 Ark. App. 40, at 3, 511 S.W.3d 352, 354. The finality of an order is a jurisdictional question that we have the right and duty to raise in order to avoid piecemeal litigation. Toney v. White , 31 Ark. App. 34, 787 S.W.2d 246 (1990). Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken only from a final judgment or decree entered by a circuit court. For an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Toney, supra. Rule 2(a)(12) also sets forth that an order is appealable if it is pursuant to Arkansas Code Annotated section 28-1-116 (Repl. 2012), which sets forth that all orders in probate cases, except an order removing a fiduciary for failure to give a new bond or render an accounting required by the court or an order appointing a special administrator, are appealable.
Kenneth J. argues that
[t]his is an action in which the Arkansas Probate Code is implicated.... Additionally, *514 the Order in this case included "findings regarding probate matters," particularly the findings regarding whether Mr. Clark had violated his fiduciary duties, and whether Ms. Summers had triggered the no-contest clause.... Because this Court has held that "[v]irtually all probate orders are appealable," Mr. Clark timely filed his Notice of Appeal and Designation of the Record on May 5, 2017.
(Citations omitted.)
First, we agree that Arkansas Code Annotated section 28-1-116 indeed governs probate matters, which Rule 2 dictates are appealable; however, trust matters are governed by Arkansas Code Annotated sections 28-73-101 to -1106, and these statutes are not designated by Rule 2 as appealable. Furthermore, trust matters have not historically been cognizable as probate matters. See Vaught v. Vaught , 71 Ark. App. 196, 198, 29 S.W.3d 365, 366-67 (2000) (the construction, interpretation, and operation of trusts are matters that lie within the jurisdiction of chancery courts.) It is important to note that our supreme court has recently held in In re Matter of Hamilton Living Trust , 2015 Ark. 367, 471 S.W.3d 203, that a circuit court's order granting a trust beneficiary's claim for an accounting against the purported successor trustee was appealable as a final judgment or decree pursuant to Rule 2(a)(1) ; however, in that case, the parties were dismissed from court, the action was discharged, and the rights to the subject matter were concluded. In the instant case, no parties have been dismissed, the action has not been discharged, and the rights to the subject matter have not been concluded because the value of the two parcels of land are still unknown, and the value of each beneficiaries' share is unknown. As we stated above, the purpose of requiring a final order is to avoid piecemeal litigation, and to allow this appeal to proceed would almost certainly lead to just that. See Blackman v. Glidewell , 2011 Ark. 23, at 4, 2011 WL 291938.
Dismissed without prejudice.
Abramson and Whiteaker, JJ., agree.