MIKE MURPHY, Judge
Appellant Robert E. Bamburg appeals two orders of the Pulaski County Circuit Court ordering him to pay attorney's fees to the appellees for expenses they incurred while attempting to recover missing trust assets. Robert's appeal is premature, and we dismiss without prejudice.
Appellees Joan Zumwalt and Lisa Bamburg filed the underlying action in this case to remove Robert as trustee of two trusts, the Lisa J. Bamburg Irrevocable Trust and the Elise D. Bamburg Irrevocable Trust. Robert was removed pursuant to a summary-judgment order entered by the Pulaski County Circuit Court on August 17, 2015. Lisa is the successor trustee to both trusts.
Following his removal, Robert did not immediately deliver the records and assets of the two trusts to Lisa. The appellees filed a motion to compel, and the circuit court, on December 14, 2015, ordered Robert to "produce all records or documents in his possession or that he has access to concerning the Bamburg Trusts" and to "pay Plaintiffs' reasonable attorneys' fees incurred in filing the subject motion to compel." Robert was able to produce the requested materials for the Elise D. Bamburg Irrevocable Trust but was unable to do so for the Lisa J. Bamburg Irrevocable Trust. The appellees filed a second motion on March 2, 2016, asking for an order compelling Robert to produce the documents and property associated with the Lisa J. Bamburg Irrevocable Trust, for attorney's fees, and for Robert to be held in contempt of court for his failure to comply with the December 2015 order.
On April 4, 2016, the circuit court entered an order compelling Robert to produce and release the missing trust documents, awarding attorney's fees, and reserving the issue of contempt. On November 11, 2016, the appellees filed their formal motion for attorney's fees and included an itemized bill. An order awarding those fees was entered on March 3, 2017, for $ 2997.02. That order stated that "the request for additional attorney's fees will be addressed in a separate order." Robert paid the $ 2997.02. Then, on December 4, 2017, the court entered another order awarding an additional $ 5294.23. Robert now *929 appeals from that order, arguing that the award of fees in both March and December 2017 was an abuse of discretion.
We must first address the preliminary issue of whether this appeal involves a final, appealable order. When the order appealed from is not final, this court will not decide the merits of the appeal. Kines v. McBride , 2017 Ark. App. 40, at 3, 511 S.W.3d 352, 354. The finality of an order is a jurisdictional question that we have the right and duty to raise to avoid piecemeal litigation. Toney v. White , 31 Ark. App. 34, 787 S.W.2d 246 (1990). Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken only from a final judgment or decree entered by a circuit court. For an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Toney, supra. Rule 2(a)(12) also provides that an order is appealable if it is entered pursuant to Arkansas Code Annotated section 28-1-116 (Repl. 2012), which sets forth that all orders in probate cases, except an order removing a fiduciary for failure to give a new bond or render an accounting required by the court or an order appointing a special administrator, are appealable.
However, trust matters are governed by Arkansas Code Annotated sections 28-73-101 to -1106, and these statutes are not designated by Rule 2 as appealable. Nor have trust matters historically been cognizable as probate matters. See Vaught v. Vaught , 71 Ark. App. 196, 198, 29 S.W.3d 365, 366-67 (2000) (holding that the construction, interpretation, and operation of trusts are matters that lie within the jurisdiction of chancery courts). It is important to note that our supreme court has recently held in In re Matter of Hamilton Living Trust , 2015 Ark. 367, 471 S.W.3d 203, that a circuit court's order granting a trust beneficiary's claim for an accounting against the purported successor trustee was appealable as a final judgment or decree pursuant to Rule 2(a)(1) ; however, in that case, the parties were dismissed from court, the action was discharged, and the rights to the subject matter were concluded.
In the present case, however, no parties have been dismissed, the action has not been discharged, and the rights to the subject matter have not been concluded. The appellees have continually prayed for the return of the trust assets, yet the orders have both dealt with delivery of records or documents concerning only the trust, and not the assets themselves. Additionally, the issue of contempt was specifically reserved in the April 4, 2016 order. The purpose of requiring a final order is to avoid piecemeal litigation, and to allow this appeal to proceed would almost certainly lead to just that. See Clark v. Summers , 2018 Ark. App. 225, at 3-5, 547 S.W.3d 511, 513-14.
As a final note, the record before us indicates that there have been two hearings on the motions to compel, yet appellant did not provide us any transcript, abstract, or abstractor's note regarding the hearings. The appellant's brief also omitted a statement of the case. Counsel is encouraged to review our rules to ensure that no additional deficiencies exist in the event an appeal is still warranted upon the entry of a final order.
Dismissed without prejudice.
Gladwin and Brown, JJ., agree.