Cite as 2024 Ark. App. 270

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-22-608

|  |  |
|---|---|
| MALY FARMS, INC., AND MALY LODGING, LLC<br><br>APPELLANTS<br><br>V.<br><br>REYNOLDS EXCAVATING, INC.<br>APPELLEE | Opinion Delivered April 24, 2024<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-22-674]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br>DISMISSED |

**ROBERT J. GLADWIN, Judge**

This appeal arises from an order of the Faulkner County Circuit Court denying the petition filed by appellants, Maly Farms, Inc., and Maly Lodging, LLC (collectively referred to herein as "appellants"), to discharge the materialmen's and mechanic's lien held by appellee, Reynolds Excavating, Inc., for labor and materials supplied on the property in question. Appellants contend that the circuit court erred in finding the lien valid because appellees failed to strictly comply with the lien statutes. We dismiss the appeal without prejudice for lack of a final order.

I. *Background Facts*

Appellant Maly Farms, Inc. ("Maly Farms"), contracted with appellee Reynolds Excavating, Inc. ("Reynolds"), to perform services on a commercial construction project. After commencement of construction, Maly Farms sold the property to Maly Lodging, LLC

("Maly Lodging"). Reynolds performed the work on the project and, due to nonpayment, filed a materialmen's and mechanic's lien for $671,431.84 plus interest, attorney's fees, and costs, on the property where the work was performed.

Reynolds served the required seventy-five-day notice and ten-day notice on appellants, pursuant to Arkansas Code Annotated sections 18-44-114 (Repl. 2018) and 18-44-115 (Supp. 2023), prior to filing its lien. Subsequently, Reynolds filed a verified statement of account and claim of materialmen's and mechanic's lien. The document included a description of the work; the parties; the amount due; an itemization of the amount due and labor and materials supplied; a legal description of the improved land; an affirmation that the proper statutory notices were given; copies of the notices; affidavits of service; a copy of the contract between the parties; and the attorney's authority to release the lien. The lien was verified and signed by Reynolds's president, Aaron Reynolds, and was notarized and acknowledged.

On June 2, 2022, appellants filed a complaint to declare Reynolds's lien invalid as well as causes of action for slander of title, declaratory judgment, and claims for injunctive relief, damages, special damages, punitive damages, treble damages, attorney's fees, and costs. Specifically, appellants maintain that Reynolds's ten-day notice did not contain the necessary information as required by Arkansas Code Annotated section 18-44-115(b)(6); thus, the lien is invalid. In response, Reynolds filed its objection to discharge of lien as well as a counterclaim against Maly Farms for judgment on the unpaid balance of the contract.

Appellants requested a prompt hearing pursuant to Arkansas Code Annotated section 18-44-118(f)(4)(A) (Repl. 2018), which took place on June 20. At the conclusion of

2

the hearing, the circuit court held that Reynolds's lien was valid. On June 22, the circuit court entered its order denying discharge of the materialmen's lien. The court held as follows:

> The court finds that the Statement of Account filed with the Clerk of Faulkner County as Instrument MM202200044 was filed in the form required by A.C.A. § 18-44-117 and that all of the applicable requirements of A.C.A. § 18-44-114 and § 18-44-115 were satisfied. In this case the specifically applicable statute was A.C.A. § 18-44-114 in that the Ten Day Notice was given in a form that satisfied the statute's requirements and the notice was given to an officer of the company.

Furthermore, the court held that it "retains jurisdiction of this matter and the remaining issues between the parties."

On June 29, appellants filed a notice of interlocutory appeal and, on the same day, filed a motion to reconsider order and declare lien invalid. The circuit court did not issue a ruling on appellants' motion to reconsider; thus, it was deemed denied. Appellants' notice of appeal alleged—pursuant to Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2023)—that the June 22 order is a final order on the issue of lien validation. Furthermore, appellants state that "a motion for a 54b certificate will [be] filed contemporaneously requesting the circuit court to enter a certification of final judgment of only the lien validation order issued on June 22, 2022." Finally, appellants abandoned "all pending but unresolved claims at the trial level" adding "although there are none." This appeal followed.

II. *Points on Appeal*

3

Appellants argue (1) that the circuit court erred by not following Arkansas Code Annotated section 18-44-118(f), which requires strict compliance with Arkansas Code Annotated sections 18-44-114 and -115 for a lien to be valid and (2) that the circuit court erred by not following Arkansas Code Annotated section 18-44-114, which states that every person who wishes to avail himself or herself of the benefit of the provisions of subchapter one shall give a ten-day notice with the required statutory language prior to filing a lien.

III. *Discussion*

We must first address the preliminary issue of whether this appeal involves a final, appealable order. When the order appealed from is not final, this court will not decide the merits of the appeal. *Kines v. McBride*, 2017 Ark. App. 40, at 3, 511 S.W.3d 352, 354. The finality of an order is a jurisdictional question that we have the right and duty to raise in order to avoid piecemeal litigation. *Toney v. White*, 31 Ark. App. 34, 36, 787 S.W.2d 246, 247 (1990). Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by a circuit court. For an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Toney*, *supra*. Arkansas Rule of Civil Procedure 54(b) (2023) permits an appeal from an order resolving fewer than all claims against all parties but only when a proper certificate is executed by the circuit court. Without either a final order pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a) or an order with a proper Arkansas Rule of Civil Procedure 54(b) certification, we do not have jurisdiction to hear this case.

Reynolds maintains that this court lacks jurisdiction to consider the merits of this appeal because the June 22 order is not a final, appealable order. We agree. Appellants filed a notice of interlocutory appeal but then in the same document assert that the June 22 order "is a final order on the issue of lien validation." However, it cannot be both, considering an interlocutory order is the direct opposite of a final order.

Here, the only appellate jurisdiction alleged in appellants' notice is Rule 2(a)(1). While appellants abandoned their unresolved claims in their notice of appeal, they cannot dispose of Reynolds's pending counterclaim for damages; thus, the June 22 order is not a final judgment. On appeal, appellants acknowledge that Reynolds's counterclaim remains pending—as well as their third-party complaint against Holloway Engineering, Surveying & Civil Design, PLLC—but nonetheless insist that "[a]ny remaining issues will be litigated at trial and can be subject to another appeal if needed or desired by the parties." This statement—and appellants' decision to move forward with this appeal—demonstrate either a deliberate attempt to ignore the rules of appellate procedure or a fundamental misunderstanding of our rules on finality. As stated above, the purpose of requiring a final order is to avoid piecemeal litigation, and to allow this appeal to proceed would inevitably lead to just that.

Finally, the circuit court did not issue a Rule 54(b) certificate allowing for an interlocutory appeal of its June 22 order. In their notice of appeal, appellants state they will be filing a contemporaneous Rule 54(b) certificate requesting that the circuit court enter a

certification of final judgment of the June 22 order. However, there is no Rule 54(b) motion or order in the record.

## IV. *Conclusion*

Under the plain language of Rule 2 of the Arkansas Rules of Appellate Procedure–Civil, the order is not final; thus, we dismiss the appeal.

Dismissed.

KLAPPENBACH and GRUBER, JJ., agree.

*Corbitt Law Firm, PLLC*, by: *Chris P Corbitt*, for appellants.

*H. Bradley Walker* and *Tim Cullen*, for appellee.