Cite as 2024 Ark. App. 296

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-106

| | |
|---|---|
| JEFFERY SPRINGSTON, INDIVIDUALLY AND AS TRUSTEE OF THE DONALD SPRINGSTON AND THELMA MARIE SPRINGSTON REVOCABLE TRUST <br><br> APPELLANT | Opinion Delivered May 8, 2024 <br><br> APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-20-1728] |
| V. | |
| KENNETH SPRINGSTON AND JOY CULP, INDIVIDUALLY AND AS BENEFICIARIES OF THE DONALD SPRINGSTON AND THELMA MARIE SPRINGSTON REVOCABLE TRUST <br><br> APPELLEES | HONORABLE XOLLIE DUNCAN, JUDGE <br><br><br><br> DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

Jeffery Springston, individually and as the trustee of the Donald Springston and Thelma Marie Springston revocable trust (the Trust), appeals the Benton County Circuit Court order denying his motion for attorney's fees from Joy Culp, a trust beneficiary. On appeal, Jeffery argues that the circuit court (1) erred by refusing to award him attorney's fees from Joy and (2) did not have jurisdiction over the administration of the Trust following a final order. We must dismiss for lack of a final order.

This case involves a family dispute over the Trust. Donald and Thelma had two children, Kenneth and Donald Ray. Donald Ray had two children, Jeffery and Joy. On February 29, 2012, Donald and Thelma executed the Trust, and between 2014 and 2020, multiple Trust amendments were executed. Donald Ray died on April 23, 2017, Thelma died on October 20, 2019, and Donald died on July 12, 2020.

Following Donald's death, Kenneth and Jeffery filed countercomplaints disputing the governing Trust amendment,[1] and on March 24, 2022, the court found the governing Trust amendment named Jeffery as the trustee and Kenneth, Jeffery, and Joy as the beneficiaries.[2] The court reserved a ruling on attorney's fees and a trust fee.

On June 6, the court granted Joy's motion to intervene in the action on the attorney's-fees issues, and on August 9, Jeffery moved for attorney's fees from Joy. On August 17, Joy moved to compel reimbursement of Trust funds, alleging that Jeffery had paid himself and his attorneys with Trust assets in violation of a prior court order. Also on August 17, Joy moved for restitution to the Trust, alleging that Jeffery had been negligent and had breached his fiduciary duty in executing the sale of the Trust's real property.

---

[1]The litigation between Kenneth and Jeffery continued for almost two years with multiple pretrial motions and a bench trial. It also involved other issues concerning the Trust. For clarity purposes, we limit our discussion to matters most pertinent to this appeal.

[2]The governing amendment named Kenneth and Donald Ray as the beneficiaries, but it also provided that if Kenneth or Donald Ray died before the termination of the Trust, their share would be distributed to their children per stirpes.

On December 1, the court entered an order denying Jeffery's motion for attorney's fees from Joy.[3] The court further found that Jeffery's attorney's fees incurred from August 25, 2021, through March 24, 2022, shall be paid by the Trust "prior to any Trust distribution but shall not be paid until the Court approves the Trust distribution." The court further found that Jeffery's attorney's fees incurred prior to August 25, 2021, and after March 25, 2022, shall be paid by him individually or from his Trust beneficial interest. The court, however, reserved rulings on Joy's two pending motions. Specifically, the court continued Joy's motion to compel reimbursement of Trust funds "until such time as this Court specifically approves a distribution of the Trust." As to Joy's motion for restitution, the court found that "the relief requested therein requires an evidentiary hearing, which may require separate action, and is thus not ruled on at this time."

On December 28, Jeffery appealed the December 1 order. Jeffery asserts that the appeal is proper pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1).

We disagree and hold that we must dismiss for lack of a final, appealable order. When the order appealed from is not final, this court will not decide the merits of the appeal. *Kines v. McBride*, 2017 Ark. App. 40, at 3, 511 S.W.3d 352, 354. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by a circuit court. For an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter

---

[3]On August 31, the court denied Jeffery's and Kenneth's motions for attorney's fees against each other.

in controversy. *Bamburg v. Zumwalt*, 2019 Ark. App. 125, 571 S.W.3d 927; *Toney v. White*, 31 Ark. App. 34, 787 S.W.2d 246 (1990). An order that contemplates further action by the court is not a final, appealable order. *Anderson-Tully Co. v. Vaden*, 2018 Ark. App. 484, 562 S.W.3d 249. Without a final order, no appeal may be entertained, even on a collateral issue such as attorney's fees. *See Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002).

Here, in the December 1 order, the court specifically reserved rulings on Joy's motion to compel reimbursement of Trust funds and her motion for restitution. Thus, the order contemplates further action by the court. The purpose of requiring a final order is to avoid piecemeal litigation, and allowing this appeal to proceed would almost certainly lead to just that. *See Clark v. Summers*, 2018 Ark. App. 225, 547 S.W.3d 511. Consequently, we must dismiss the appeal without prejudice. Our stated reasons for dismissal for lack of finality should not be construed as exhaustive, and prior to any future appeal, we urge the parties to ensure that there are no other finality issues. *Sanchez v. Weeks*, 2021 Ark. App. 493; *Lamco Ltd. P'ship II v. Pasta Concepts, Inc.*, 2012 Ark. App. 145.

Dismissed without prejudice.

THYER and MURPHY, JJ., agree.

*Taylor Law Partners LLP*, by: *Andrew J. Myers* and *Rick Woods*, for appellant.

*Davis, Butt, Taylor & Clark, PLC*, by: *William Jackson Butt II* and *Constance G. Clark*, for appellees.